## Commonwealth v. Morrisette

*John M. Eakin*, for appellant.
*Jon F. LaFaver*, contra.

SHUGHART, *P. J.*, April 9, 1975—In this appeal from a conviction for violation of a borough ordinance, the facts have been stipulated to be as follows. Charles H. Morrisette, the owner of a pick-up truck, parked the same on property owned by him in

the Borough of New Cumberland for a period exceeding 30 days without a current registration and valid inspection sticker. He had been notified to remove the vehicle and refused to do so. He was convicted on September 3, 1974, of a violation of New Cumberland Borough ordinance no. 338, before District Justice Donald E. Endres and fined $50, plus costs, from which this appeal followed.

The sole issue raised on appeal is the constitutional validity of New Cumberland Borough ordinance no. 338 in light of its enabling act (Act of February 1, 1966, P.L. (1965) 1656, sec. 1202, 53 PS §46202), which enumerates the specific powers of boroughs in the Commonwealth to include, inter alia: (1) the prohibition or removal of nuisances (including the storage of abandoned or junked automobiles); (2) the prohibition, regulation and licensing of junkyards, salvage yards and other places used and maintained for the collection, storage and disposal of used or second-hand goods and materials; and (3) the promulgation of regulations necessary for the health, safety, morals, general welfare, cleanliness, beauty, convenience and comfort of the borough: 53 PS §46202(5), (6), and (29).

New Cumberland Borough ordinance no. 338 provides, inter alia:

"No motor vehicle shall be permitted on any private property in the Borough of New Cumberland for a period longer than thirty [30] days unless written application for permission to keep the same has been made to and approved by the Borough Manager of the Borough of New Cumberland."

"Private property" is defined by the ordinance not to include government property, licensed junkyards, businesses to which the keeping of motor vehicles is incidental, or enclosed garages. "Motor

Vehicle" is defined by the ordinance to include vehicles at one time licensed but not presently so licensed or having a current inspection sticker. Permit provisions and fines for violations are provided. The ordinance contains no severability clause. In effect, New Cumberland Borough ordinance no. 338 proscribes keeping unlicensed or uninspected vehicles on private property outside an enclosed garage for more than 30 days without a permit, no matter what the condition of the vehicle or its actual effect on the community.

The ordinance is clearly outside the powers vested in the borough under 53 PS §46202(5), enabling the prohibition or removal of nuisances, since the borough admits it is not seeking to abate defendant's activity as a nuisance. Even if the borough were attempting to prohibit defendant's activity as a nuisance, it would have to prove an unlicensed or uninspected vehicle on one's own property is a nuisance in fact: Commonwealth v. Hanzlik, 400 Pa. 134 (1960); Borough of Macungie v. Hoch, 34 Lehigh 99 (1970), aff'd per curiam 1 Pa. Commonwealth Ct. 573 (1971). No such proof has been offered in this case.

Ordinance no. 338 is ineffectual as an attempt to regulate junkyards, salvage yards or other disposal or storage places for used goods pursuant to authority of 53 PS §46202(29), since it can hardly be argued that parking an unlicensed or uninspected vehicle on one's own property renders the premises a junk or salvage yard. Besides, section 1(a) of ordinance no. 338 excludes licensed junkyards and other businesses involving the keeping of motor vehicles from its provisions.

The only conceivable authority for promulgation of ordinance no. 338 is PS §46202(6), which enables the borough's exercise of police powers to promote the health, safety, morals and general welfare of

the borough. Ordinance no. 338 cannot be found to be a valid exercise of those powers. Borough of Spartansburg v. Wellman, 48 D. & C. 2d 297 (Crawford Co., 1969), is apposite. In that case the Borough of Spartansburg passed an ordinance proscribing the keeping of unlicensed, uninspected vehicles on private property unless such vehicles were kept in an enclosed building. On an appeal from a conviction for violation of the ordinance, it was held that even in light of the presumed constitutionality of ordinances, the borough had exceeded its authority to regulate such activity because the restriction bore no reasonable relationship to the protection of the health, safety, morals or general welfare of the public: id. at 301. We concur with the observation of Judge Thomas in Wellman, supra, that an unlicensed, uninspected vehicle parked on private property is per se no more deleterious to public health, safety, morals and welfare than a licensed, inspected vehicle: id. at 301. Thus we find that New Cumberland Borough ordinance no. 338, like the Spartansburg ordinance, is unconstitutional as devoid of any relation to police power objectives and outside the regulatory authority vested in the borough code.

The borough contends that the Commonwealth Court decision in Borough of Tarentum v. Sadecky, 16 Pa. Commonwealth Ct. 163, 329 A. 2d 328 (1974), precludes invalidation of the instant ordinance. In that case the borough made it unlawful to accumulate junked, abandoned or discarded articles on private or public property. Junked, abandoned or discarded articles were defined as those stripped or used for parts; those resting for 96 hours which are inoperable and without registration plates, certificate of inspection, or in such condition as to be unusable; or those resting for 96 hours with no known or apparent owner. The ordinance

contained a severability clause. On appeal from a conviction for violation of the ordinance, the hearing was terminated after one question of one witness when the judge remarked he had just read the ordinance and it was unconstitutional.

The borough appealed to the Commonwealth Court which held the ordinance was not manifestly unconstitutional, and remanded the case for a hearing to determine if the evidence would indicate that application of the ordinance violated defendant's constitutional rights, and to determine whether some provisions of the ordinance were valid and others invalid: id. at 330.

In the instant case, stipulations of fact submitted to the court by the parties provide evidence upon which the constitutional validity of ordinance no. 338 can be determined with respect to this defendant. In addition, ordinance no. 338 purports to regulate activity on private property only, and does not require the offending vehicle be: (1) used for sale of parts; (2) inoperable or unusable as well as unlicensed or uninspected; or (3) without known or apparent owner. Thus the circumstances which led the Commonwealth Court to remand the Tarentum case because that ordinance could conceivably be constitutionally valid, are not here involved. Furthermore, since ordinance no. 338 contains no severability clause, we need not question the validity of some provisions of the ordinance and the possible invalidity of others.

While the presumed constitutionality of ordinances and the reluctance of courts to substitute their judgment for that of legislators must be recognized, ordinance no. 338 does violate the fundamental law clearly, plainly, and in such a manner as to leave no doubt as to its constitutional invalid-

ity. See Borough of Tarentum, supra, at pp. 299, 300. Since the ordinance is unconstitutional, defendant must be found not guilty.

## ORDER

And now, April 9, 1975, for the reasons set forth above, defendant is found not guilty; costs to be paid by the Borough of New Cumberland.