Clare McClellan, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Submitted on briefs October 8, 1985, to Judges ROGERS and MACPHAIL, and Senior Judge BLATT, sitting as a panel of three.

*D. Stephen Ferito,* for appellant.

*George B. Stegenga,* for appellee.

OPINION BY JUDGE ROGERS, November 13, 1985:

Upon citation of a police officer of Mount Pleasant Township, the appellant, Clare McClellan, was charged by a district justice with "keeping upon premises junk vehicles and various types of scrap metals" in violation of Township Ordinance No. 18 on April 26 and May 26, 1982. The district justice, after hearings, found the appellant guilty on both occasions, fining him $80 and costs for the first offense and $180 and costs for the second. The appellant paid the fine and costs and appealed both judgments to the court of common pleas, a judge of which after a de novo hearing also found the appellant guilty as charged and after duly considering the appellant's motions for a new trial and in arrest of judgment, which he overruled, entered judgments of sentence identical to those which had been imposed by the district justice.

Mount Pleasant is a township of the second class. Its Ordinance No. 18 relevantly provides that "[n]o person shall keep . . . upon his or her premises . . . any garbage refuse or junk . . . nor may any person use . . . any property . . . as a . . . dump for garbage refuse or junk without . . . permission from said Township." The ordinance further provides that any person violating the ordinance shall be sentenced to pay a fine of $300, the costs and in default of payment to imprisonment for not more than thirty days.

At the court hearing, the township adduced the testimony of a police officer to the effect that before or at the time he filed citations there were on the lawn of the appellant's residence "six abandoned vehicles . . . five of which may have been operable if they were fixed up . . . a couple of oil barrels, some scrap metal . . . just thrown in a pile." The officer also testified that the vehicles were not "along a public highway." A township supervisor corroborated

the officer's testimony and added that he had received
a complaint from a neighbor.

At the close of the Commonwealth's case, the appellant's counsel interposed a demurrer to the evidence which the trial judge overruled. The appellant then proceeded with defenses not necessary to describe.

The trial judge's verdict was pertinently, "after consideration of the testimony, the arguments of trial counsel and trial briefs submitted, this court finds the defendant, Clare McClellan guilty as charged." After argument of the appellant's post verdict motions, the judge imposed the sentences which we have described.

We are impelled to reverse the judgments of sentence for failure of the township to adduce evidence that the appellant's activities constituted a nuisance in fact, as is necessary in this class of case. The familiar case of *Commonwealth v. Hanzlik,* 400 Pa. 134, 161 A.2d 340 (1960), holds that the powers given townships of the second class by the General Assembly did not include that of enacting ordinances declaring the activity of storing junked automobiles and scrap to be nuisances and accomplishing their enforcement by proving only that the proscribed articles were stored on the defendant's premises; and that Section 702, cl. XII of the Second Class Township Code,[1] 53 P.S. §65712, authorizes the prohibition by ordinance of *nuisances,* including the storage of junked automobiles and scrap, and that in proceedings against persons for violating such an ordinance the prosecution must prove that the activity in fact constituted a nuisance. The proofs here adduced show that the appellant's actions, as those of the defendant in *Hanzlik,*

[1] Act of May 1, 1933, P.L. 103, *as amended,* 53 P.S. §§65101-67201.

646

involve no noises, no offensive odors, and attract no vermin, and, although one neighbor has unspecifically complained, they seem not to have injured other persons, as is required of a nuisance.

Mount Pleasant Township is not without means to prohibit or to regulate the appellant's activities. As *Hanzlik* states, if the activity is a nuisance, the township may seek to abate it in equity; or it may under Section 702, cl. XII of the Second Class Township Code enact an ordinance prohibiting nuisances and if the appellant's activity is in fact a nuisance and he refuses to take corrective measures, it may remove the nuisance.

Judgments of sentence reversed.

ORDER

And Now, this 13th day of November, 1985, the judgments of sentence of the Court of Common Pleas of Washington County are reversed.