Commonwealth, Appellant, *v.* Hanzlik.

Argued March 16, 1960.   Before JONES, C. J., MUS-
MANNO, JONES, COHEN, BOK and EAGEN, JJ.

*Morris Mindlin*, with him *Mindlin and Sigmon*, for
Commonwealth, appellant.

*John Watts Barrett, Jr.*, with him *Butterfield, Bar-
rett & Joachim*, for appellees.

OPINION BY MR. JUSTICE COHEN, June 3, 1960:

These appeals are from the orders of the court be-
low holding a section of a township ordinance unen-
forceable and finding the appellees not guilty of its
violation.

Section 3b of the ordinance prohibits, inter alia, the
storage of abandoned or junked automobiles and de-
clares such storage to be a nuisance.   In summary
proceedings brought by the Township the appellees
were found guilty of violating the ordinance, but on
their appeals to the court of quarter sessions that sec-
tion was held invalid because it was unreasonable, ar-
bitrary and prohibitive and the defendant appellees
were discharged.

The ordinance in question, enacted May 29, 1958,
re-enacted and amended Ordinance No. 1 enacted April
1, 1950 by the Township.   The principal amending fea-
ture was the inclusion of the following underlined por-
tion of Section 3b: "Section 3. It shall be unlawful for

any person . . . b. To store, in any manner, abandoned or junked automobiles on any property, public or private within the Township; . . . *The uses of property and the conduct, herein declared to be unlawful, are declared to be nuisances.* The uses of property and the conduct, herein declared to be nuisances, shall not limit the general prohibition of nuisances, contained elsewhere in this ordinance."

The court below made the following findings of fact, all of which are amply supported by the evidence. From 1948 until at least December, 1955, appellee Paul Hanzlik stored junked automobiles on private property within the Township, sold parts therefrom, and sold the remainder as scrap. Following incorporation on December 27, 1955, the business previously operated by Paul Hanzlik individually has been continued by Paul Hanzlik, Inc. The business so conducted involves no loud noises, no offensive odors, attracts no vermin and is not injurious to the public. As the court below correctly pointed out, "In our case there was no testimony adduced from which we may find that the operation of appellant's [appellees' here] business constituted a nuisance in fact nor was there any testimony to the effect that conditions in the township generally made the business of storing junked or abandoned automobiles a nuisance."

A second-class township is but a political subdivision of the Commonwealth and has, therefore, only those powers which are granted it by the legislature. As a result, our inquiry must be directed to whether the legislature intended to give second-class townships the power to prohibit the storage of abandoned or junked automobiles whether or not such activity constitutes a nuisance in fact. The Township ordinances referred to above which proscribe the storage of abandoned or junked automobiles were adopted presumably pursu-

ant to the Second Class Township Code, Act of May 1, 1933, P. L. 103, art. VII, §702, cl. XII, as amended by the Act of May 1, 1939, P. L. 41, §1; Act of July 10, 1947, P. L. 1481, §9; Act of May 20, 1957, P. L. 174, §5, 53 PS §65712 (Nuisances). The cited section is part of Article VII of the Code, entitled General Powers, wherein it is provided that: "[Township supervisors] shall have power—To prohibit nuisances, including but not limited to, accumulations of garbage and rubbish, and the storage of abandoned or junked automobiles, on private and public property, and the carrying on of any offensive manufacture or business; and to remove any nuisance or dangerous structure on public or private grounds after notice to the owner to do so, and, in his default, to collect the cost of such removal, together with such penalty as may be prescribed by ordinance from the owner by summary proceedings. In the exercise of the powers herein conferred, the township may institute proceedings in courts of equity."

The intent of the legislature in passing the above Act seems clear. Second-class townships were thereby given the right to prohibit nuisances, which in a given case might include the storage of abandoned or junked automobiles. The legislature, however, did not declare or define such storage as a nuisance per se. Nor did it give the townships the power so to do. Nowhere in the Code is there language expressing any such intention. Rather, the statutory language employed can reasonably be construed only as authorizing the local governing bodies to declare such activities to be nuisances when, based upon actual conditions in the township, they constitute nuisances in fact.[1] Moreover, the

---

[1] Compare the Superior Court's interpretation of this Act in *Commonwealth v. Christopher*, 184 Pa. Superior Ct. 205, 209, 132 A. 2d 714 (1957), wherein the Court stated, "It [the Code] did not

Code clearly sets forth the three methods of enforcement made available by the legislature to second-class townships. First, a township may pass an ordinance prohibiting nuisances. If the enforcement officials of the township thereafter determine that the conduct of a particular business or activity constitutes a nuisance in fact thereby violating the said ordinance, they may, after notice to the owner to voluntarily abate the nuisance and in his default, by the proper procedures and with the necessary safeguards remove said nuisance and collect, by summary proceedings, both the cost of the removal and a penalty provided for in the ordinance. The second authorized method of procedure is for the officials to institute equity proceedings to abate such a nuisance. And lastly, they may proceed pursuant to that part of the comprehensive Act of May 1, 1933, P. L. 103, Art. VII, §702, cl. XXV, added April 27, 1945, P. L. 319, §1, renumbered cl. XLI and amended July 10, 1947, P. L. 1481, §9; May 24, 1951, P. L. 370, §7; June 1, 1956, P. L. (1955) 2021, §12, 53 PS §65741, which provides, ". . . The board of supervisors may prescribe fines and penalties not exceeding three hundred dollars in any instance for the violation of any such township ordinances, which fines and penalties may be collected by suit or summary proceeding brought in the name of the township before any justice of the peace. . . ." Under this provision, the township may create a criminal offense and provide a penalty for the violation of a sister ordinance which pro-

---

define the storage of such automobiles as a nuisance per se, but, rather, gave authority to local municipalities, based upon actual conditions, to so declare such activities." Then later, at p. 211, the Court reiterated, "What the legislature intended to grant to second class townships was the power to prohibit nuisances or offensive businesses, expressly to be declared as such in an ordinance, and not the power to abolish a lawful business conducted in such manner as to amount to a nuisance."

hibits nuisances. In order to secure a conviction pursuant thereto, however, the township must show beyond a reasonable doubt that the defendant was *in fact* maintaining a nuisance.

None of the aforementioned methods were employed by the Township of Lower Saucon in the instant case. Instead, criminal proceedings were instituted against the appellees on the basis of a local legislative declaration that such an activity constitutes a nuisance per se. Although no evidence was introduced that the appellees had maintained a nuisance in fact, convictions were obtained. In light of our interpretation of the Second-Class Township Code, we hold that both the procedure followed and the local legislative declaration that the storage of abandoned or junked automobiles is a nuisance per se were unauthorized and thus invalid.[2]

Our reading of the legislative will is fortified by the passage of the Act of March 11, 1959, P. L. 13, which further amends the General Powers provision of the Second-Class Township Code as follows: ". . . they shall have power— . . . LVIII. Junk dealers and junk yards. *To regulate* junk dealers and the establishment and maintenance of junk yards and scrap yards including, but not limited to, automobile junk or grave yards." (Emphasis supplied).

It is a well-established principle of law that a nuisance is not regulated, but rather abated. By granting to the townships the right to *regulate* such automobile

---

[2] In *Commonwealth v. Baker*, 160 Pa. Superior Ct. 640, 53 A. 2d 829 (1947), which upheld a summary conviction for violation of a very similar ordinance, neither the question of statutory authorization for the borough ordinance nor the question of the validity or reasonableness of the ordinance was raised by the defendant. The Superior Court itself distinguished the *Baker* case on this ground in *Commonwealth v. Christopher*, supra, at 212-213.

grave yards, it is clear that the legislature had not categorized them as nuisances per se in 53 PS §65712. A contrary interpretation would place the legislature in the illogical position of granting the townships the power to regulate an activity which the legislature itself had previously defined as a nuisance per se. Indeed, it is obvious that the legislature meant to add an *additional* power to those already possessed by the township supervisors. Second-class townships are now provided with an effective means of restricting such occupations within established limits in those situations where the maintenance of the activity does not constitute a nuisance in fact.

Orders affirmed with costs on appellant.