Borough of Tarentum, Appellant, *v.* Stephen M. Sadecky, Appellee.

Argued November 8, 1974, before Judges WILKINSON, JR., ROGERS and BLATT, sitting as a panel of three.

164

*Edward J. I. Gannon, Jr.,* with him *Howard J. Hazlett,* for appellant.

*William M. Acker,* for appellee.

OPINION BY JUDGE ROGERS, December 17, 1974:

Council of the Borough of Tarentum, Allegheny County, duly enacted, and its mayor approved, an ordinance making it unlawful for any person to accumulate junked, abandoned or discarded vehicles, trailers, boats, appliances or household furnishings on private or public property. The ordinance defines junked articles as those stripped or used for the sale of parts; abandoned articles as those resting for 96 hours or more which are inoperable and without registration plates, certificate of inspection or in such condition as to be unusable; and discarded articles as those resting for 96 hours or more with no known or apparent owner. The ordinance does not declare the offending accumulations to be nuisances. The ordinance contains a severability clause.

The appellee, Stephen M. Sadecky was charged generally with violating the ordinance before a district justice, found guilty, fined $10.00 and ordered to pay costs of $11.00.

Mr. Sadecky appealed to the Court of Common Pleas of Allegheny County and the matter came before a judge for hearing de novo. After an extensive colloquy among the judge, the borough solicitor and defense counsel, and one question of and answer by the borough's chief of police,[1] the hearing judge remarked that he had just read this ordinance, and that it was unconstitutional. The hearing was terminated by the judge's expressed desire that the borough not continue because to do so would be useless. The judge thereupon adjudged Mr. Sadecky not guilty.

Excluding from consideration the colloquy in the court below, there is nothing in the material returned to us which establishes whether Mr. Sadecky's automobiles, trucks, boats and car engines are located on private or public property or how they may affect the health, safety or welfare of the citizens of Tarentum Borough or the interests sought to be served by the ordinance, described in some detail in its preamble.

We are unable to conclude that the ordinance is manifestly bad. First, the Legislature has provided boroughs with powers which seem to us to include those sought to be exercised by the appellant borough. Section 1202 of The Borough Code, Act of February 1, 1966, P. L. (1965) 1656, 53 P.S. §46202, provides that boroughs may:

"(6) . . . [m]ake such regulations as may be necessary for the health, safety, morals, general welfare and cleanliness and the beauty, convenience, comfort and safety of the borough.

. . . .

"(17) . . . [t]o regulate the streets . . . public streets . . . common grounds, sidewalks . . .; and to pro-

---

[1] The answer was: "On the day of our hearing before Magistrate Toscalibi, 9:20 A.M. 10/29/73, I counted eleven cars, five different types of trucks, five boats, two boat trailers, five car engines, and various other building material stored on this property."

hibit the erection or construction of any building or other obstruction to the convenient use of the same.

. . . .

"(28) [t]o prohibit, within the borough, the carrying on of any manufacture, art, trade, or business which may be noxious or offensive to the inhabitants.

"(29) [t]o prohibit, regulate and license the establishment and maintenance of junk yards, salvage yards and other places used and maintained for the collection, storage and disposal of used or secondhand goods and materials."

As for the lower court's conclusion upon examination of the ordinance that it was unconstitutional, we advert to familiar principles that:

1. "A legislative enactment [including a municipal ordinance] can be declared void only when it violates the fundamental law clearly, palpably, plainly and in such manner as to leave no hesitation in the minds of the court." *Bilbar Construction Company v. Easttown Township Board of Adjustment,* 393 Pa. 62, 70, 141 A. 2d 851, 855 (1958).

2. "All presumptions are in favor of the constitutionality of acts and courts are not to be astute in finding or sustaining objections to them . . . ." *Hadley's Case,* 336 Pa. 100, 104, 6 A. 2d 874, 877 (1939).

3. "Even where there is room for difference of opinion as to whether an ordinance is designed to serve a proper public purpose, or if the question is fairly debatable, the courts cannot substitute their judgment for that of the authorities who enacted the legislation." *Bilbar Construction Company v. Easttown Township Board of Adjustment, supra,* 393 Pa. at 71, 141 A. 2d at 856.

We are here concerned with The Borough Code which confers upon boroughs considerably greater regulatory powers than those granted some townships by The Second Class Township Code, Act of May 1, 1933,

P. L. 103, *as amended*, 53 P.S. §65101 et seq.[2] We are further dealing here with boroughs not townships. And we are dealing with an ordinance which purports to regulate activities in public places as well as on private land.

It may be that upon a trial, the instant ordinance will be found to impose unconstitutional restraints upon Mr. Sadecky's activities or that some provisions of the ordinance affecting him are invalid, but that others are valid. We cannot agree that a mere reading of this enactment reveals its total invalidity clearly, palpably, plainly and in such manner as to leave no doubt or hesitation in our minds.

Judgment is reversed and a venire facias de novo is awarded.

---

[2] *Commonwealth v. Hanzlik*, 400 Pa. 134, 161 A. 2d 603 (1960) and *Commonwealth v. Christopher*, 184 Pa. Superior Ct. 205, 132 A. 2d 714 (1957) were concerned with second class township ordinances prohibiting automobile junkyards and declaring them to be nuisances. The courts held that the power given by the Legislature to such townships to prohibit nuisances did not authorize townships to declare junkyards which were not nuisances in fact to be nuisances and then to prohibit them.