Thomas Talley, Appellant *v.* The Borough of Trainer, Appellee.

Argued September 29, 1978, before Judges WIL-KINSON, JR., DISALLE and MACPHAIL, sitting as a panel of three.

*Thomas H. Broadt,* for appellant.

*Joseph F. Battle,* for appellee.

OPINION BY JUDGE DiSALLE, November 9, 1978:

Thomas Talley (Defendant) appeals to this Court from an order of the Court of Common Pleas of Delaware County which found him guilty of two violations of Ordinance 367 of the Borough of Trainer (Borough), Commonwealth of Pennsylvania (January 11, 1968), and fined him $150 plus costs.[1] The sole issue presented in this case is whether the lower court was arbitrary and capricious in reaching this conclusion.

It is well established that a municipal ordinance which seeks to abate the storage of wrecked, junked, or abandoned vehicles cannot declare the mere presence of such vehicles on any given piece of property to be a nuisance per se. *Commonwealth v. Hanzlik,* 400 Pa. 134, 161 A.2d 340 (1960); *Borough of Macungie v. Hoch,* 34 Lehigh L.J. 99 (1970), *aff'd* 1 Pa. Com-

---

[1] The ordinance provides in pertinent part as follows: ARTICLE III — PRIVATE PROPERTY — *SECTION 1.* Abandoned Vehicles. It shall be unlawful to park, store or leave any vehicle of any kind in a wrecked, junked, stripped or abandoned condition, or any automobile whether occupied or not, in a place where its presence constitutes a hazard on private property. . . .

monwealth Ct. 573, 276 A.2d 853 (1971). Rather, the ordinance must be phrased in such a way as to require the municipality to affirmatively establish that a nuisance in fact existed.

The specific ordinance in this case was properly interpreted by the court below as imposing such a burden on the Borough. It then concluded that the Borough did produce sufficient evidence to establish a nuisance in fact. Having thoroughly reviewed the record, we do not believe that the court was arbitrary and capricious in holding as it did.

It is clear from the record that a long standing dispute existed between Defendant and the Borough concerning the condition of the property where Defendant carried on his automobile body repair business. Numerous bona fide attempts made by Borough officials to have Defendant correct the condition were met with outright recalcitrance and only grudging, partial compliance. The record, as supplemented by photographic evidence, reveals that numerous wrecked, junked, and abandoned vehicles were located on Defendant's property; that auto parts and related debris—fenders and bumpers with jagged edges, transmissions, wheels, tires, broken glass—were strewn about the property; and that many of the vehicles closely abutted and partially impinged upon a public sidewalk frequently used by children going to and from school.

While it is true that there was no evidence that injuries had actually occurred on Defendant's property, certainly it is not the law that injuries need have occurred before a condition is adjudged a nuisance and thereby abated. In short, our review of the whole record indicates that the *actual condition* of Defendant's property was of such a nature as to give rise to a conclusion that the storage of wrecked, junked, and abandoned vehicles thereon constituted

a public hazard and, thereby, a nuisance in fact within the meaning of the ordinance. Though the mere presence of such vehicles on a person's property cannot, in and of itself, support such a finding, we do believe that the presence of such vehicles, combined with the conditions and factors discussed above, may create a public hazard and support a finding of nuisance in fact. We do not believe, therefore, that the lower court acted arbitrarily or capriciously in reaching its conclusion. We affirm.

ORDER

AND Now, this 9th day of November, 1978, the order of the Court of Common Pleas of Delaware County dated March 8, 1977, is hereby affirmed.