Commonwealth of Pennsylvania *v.* Stephen M. Sadecky, Appellant.

Argued October 30, 1978, before Judges WILKINSON, JR., ROGERS and MACPHAIL, sitting as a panel of three.

*William M. Acker*, for appellant.

*Edward J. I. Gannon*, with him *Howard J. Hazlett*, for appellee.

OPINION BY JUDGE MACPHAIL, March 6, 1979:

Stephen M. Sadecky appeals to this Court from an order of the Allegheny County Court of Common Pleas which found him guilty of violating Ordinance 2025 (Ordinance) of the Borough of Tarentum (Borough). Sadecky contends that the Ordinance imposes unconstitutional restraints upon or unlawfully discriminates against his use of his realty and that the evidence was insufficient to prove his guilt beyond a reasonable doubt. We affirm.

In 1974, this Court reversed the lower court's holding that the same Ordinance was facially unconstitutional. A *venire facias de novo* was awarded for a determination of whether the factual matrix of the case after the presentation of evidence would show that unconstitutional restraints were imposed upon Sadecky by the Ordinance or that some provisions of the Ordinance were valid and others were invalid as applied to him. *Borough of Tarentum v. Sadecky*, 16 Pa. Commonwealth Ct. 163, 329 A.2d 328 (1974). After the hearing held pursuant to this Court's order of 1974, the Court of Common Pleas of Allegheny County, Civil Division, found Sadecky guilty. In his memorandum opinion supporting the court's verdict, Judge

FARINO held that the Borough had authority to enact the Ordinance and that the Ordinance did not impose restraints upon or discriminate against Sadecky.

In his appeal to us, Sadecky contends that the Ordinance is unconstitutional as applied to his activities and that the Borough's evidence was insufficient to find him guilty beyond a reasonable doubt, the standard of proof required by the enforcement provisions of the Ordinance.

With respect to the constitutional question, we agree with the learned trial judge that the Borough had authority to enact the ordinance in question. Section 1202(29) of the Act of February 1, 1966, P.L. (1965) 1656, *as amended*, 53 P.S. §46202(29), provides that boroughs have the authority:

> (29) [JUNK YARDS] To prohibit, regulate and license the establishment and maintenance of junk yards, salvage yards and other places used and maintained for the collection, storage and disposal of used or secondhand goods and materials.

As Judge ROGERS carefully noted in the first appeal of this case:

> We are here concerned with the Borough Code which confers upon boroughs considerably greater regulatory powers than those granted some townships by the Second Class Township Code, Act of May 1, 1933, P.L. 103, as amended, 53 P.S. §65101.

*Sadecky, supra* at 166-67, 329 A.2d at 330.

As opposed to the authority of Second Class Townships to merely regulate junk yards,[1] boroughs may *prohibit* junk yards. Accordingly, Section 2 of the Ordinance, which provides as follows:

---

[1] Section 702, Act of May 1, 1933, P.L. 103, *as amended*, 53 P.S. §65758.

Section 2. It shall be unlawful for any person to accumulate or store any junked, abandoned or discarded vehicle, trailer, boat, appliance or household furnishing on private or public property within the Borough of Tarentum, Allegheny County, Pennsylvania.

is a valid exercise of the Borough's authority under Section 1202 (29).

A careful reading of the record in the case now before us will indicate that Sadecky does, in fact, keep junked, abandoned and discarded vehicles, boats and parts of vehicles and boats on his premises. That activity brings him within the purview of the Ordinance.

This Court has held that a borough junk yard ordinance must be phrased in such a way as to require the municipality to affirmatively establish that a nuisance in fact exists. *Talley v. Borough of Trainer,* 38 Pa. Commonwealth Ct. 441, 394 A.2d 645 (1978). Therefore, whether or not this Ordinance imposes unconstitutional restraints or unlawfully discriminates against Sadecky depends upon a reasonable interpretation of the entire Ordinance, including the preamble thereto. *Appeal of Neshaminy Auto Villa Ltd.,* 25 Pa. Commonwealth Ct. 129, 358 A.2d 433 (1976). The preamble to the Ordinance now before us recites that the accumulation of junked vehicles creates a hazard and danger to the health and welfare of the Borough's citizens because such a condition provides a breeding area for rodents. Part of the Borough's testimony before the trial judge was to the effect that, in fact, rodents did infest the lot where the junked vehicles were stored on Sadecky's premises. A haven for rodents is a nuisance in fact. *Dexter v. Bebenek,* 458 Pa. 1, 327 A.2d 38 (1974). In another paragraph of the preamble to the Ordinance, the Borough stated that the accumulation of junked vehicles created an

attractive nuisance for children who are not aware of the dangers involved. Again, witnesses for the Borough testified before the trial judge that children were observed playing on the lot where the junked vehicles were stored. This Court has held that it is not necessary for a municipality to prove actual injury to children in order to establish a nuisance in fact. *Talley v. Borough of Trainer, supra.* Thus, it will be readily observed that the Ordinance here did not unlawfully discriminate against Sadecky nor did it impose any unconstitutional restraint upon him. It was enforced against him because the unlawful activity conducted on his premises did, in fact, create a hazard and danger to the health and welfare of the Borough's citizens. We conclude that the Ordinance as applied to Sadecky required the Borough to prove that his activities constituted a nuisance in fact and that the Borough sustained its burden of proof.

We reach this conclusion notwithstanding our agreement with Appellant's counsel that the burden of proof must be beyond a reasonable doubt. After a review of the record we are well satisfied that the Borough has proved beyond a reasonable doubt that Sadecky's activities on his real estate provided a breeding area for rodents and constituted an attractive nuisance for children. As we have previously noted, these are hazards and dangers to health which the Borough attempted to avoid when it enacted the Ordinance.

### ORDER

AND Now, this 6th day of March, 1979, the appeal of Stephen M. Sadecky is denied and the order of the Court of Common Pleas of Allegheny County entered April 26, 1976, Civil Division at No. S.A. 587 of 1973, is affirmed.