## Commonwealth v. Biber

*Terry K. Leckman*, for Commonwealth.
*Timothy P. O'Reilly*, for appellant.

STAISEY, *J.*, June 17, 1981—This matter comes before the court pursuant to the appeal of defendant, Nikolem Biber (Biber) from the decision of the District Justice adjudicating defendant guilty of violating South Fayette Township Ordinance No. 54, relating to the storage of junked or abandoned vehicles on three separate occasions and imposing total fines and costs upon him in the amount of $268. Having heard the matter de novo as we are required to do under Pa.R.Crim.P. 67(F)

the court finds defendant guilty with respect to the violation alleged pursuant to Citation NT-05-069488 and not guilty as to the remaining two citations and imposes a fine of $50 plus cost of prosecution.

Inasmuch as the court does not find Biber guilty as to violations alleged to have been committed on March 23, 1976, and April 15, 1977, the court will not address itself for purposes of this opinion to the incidents which gave rise to the issuance of the corresponding citations. Rather, we choose to concern ourselves only with those particular facts and circumstances out of which the prosecution relative to the issuance of Citation NT-05-069488 arises.

As is so often the situation in cases of this nature, the court, sitting as the trier of fact in a summary appeal, is required to resolve basic and fundamental conflicts and discrepancies between the testimony of defense and prosecution witnesses. It is well established that it is within the court's province as the trier of facts to resolve conflicts in evidence, find where the truth lies and to determine the facts: Com. v. Moore, 463 Pa. 317, 344 A. 2d 850 (1975). As was aptly noted by our Supreme Court in Com. v. Garvin, 448 Pa. 258, 293 A. 2d 33 (1972)

"The law is well settled that it is the exclusive province of the trier of facts to pass upon the credibility of witnesses and the weight to be accorded their testimony. Therefore, in the instant trial without a jury, the determination on this question of Lening's (the witness) credibility was for the trial judge to make." 293 A. 2d 39.

The credible testimony of Raymond Smelko, a lieutenant of 14 years' experience with the South

Fayette Township Police Department establishes the following facts. Approximately 34 days prior to his issuance of the instant citation, Officer Smelko, in the course of his duties as enforcement officer with respect to Ordinance 54, had an occasion to visit defendant's premises on Shady Lane, a dead-end street located within the township. It is undisputed that Biber resides at the subject premises where he also engages in the operation of an automobile repair and body shop. According to Officer Smelko, he personally observed at that time some 41 vehicles parked along the roadway with no current plates or inspection stickers, some of which were no more than half or three-quarter cars that had been previously dismantled. Moreover, Officer Smelko further saw piles of tires and miscellaneous auto parts strewn along the roadway. Many of the subject vehicles and much of the debris was observed by Smelko to be parked on a 30-foot right-of-way maintained by the township along the roadway while the remainder was parked off the roadway upon Biber's property. Based upon these observations, Smelko gave Biber 30 days written notice to rectify the situation and to clean up the aforesaid abandoned vehicles. Defendant, having failed to take any corrective action, the instant citation was issued on January 20, 1979.

Based upon the record before us, the court is convinced beyond a reasonable doubt that the Township of South Fayette has produced sufficient evidence to sustain its burden of affirmatively establishing that the actual condition of Biber's property was of such a nature as to constitute a nuisance in fact: Com. v. Hanzlik, 400 Pa. 134, 161 A. 2d 340 (1960). In this regard, the court relies upon the holding of our Commonwealth Court in Talley v. Borough of Trainer, Pa. Commw. 394 A. 2d 645

(1978) a case factually apposite to the present action involving a long standing dispute between Talley and the borough concerning the condition of the property where defendant carried on his automobile body repair business. As in the case at hand, numerous bona fide attempts were made by borough officials to have Talley correct the condition but as noted by the court "were met with outright recalcitrance and only grudging partial compliance." Moreover, the trial court in Talley found as a matter of fact that,

" . . . numerous wrecked, junked, and abandoned vehicles were located on Defendant's property; that auto parts and related debris—fenders and bumpers with jagged edges, transmissions, wheels, tires, broken glass—were strewn about the property; and that many of the vehicles closely abutted and partially impinged upon a public sidewalk used by children going to and from school." 394 A. 2d at 646.

In holding that the finding of the court below as to the existence of a nuisance in fact was neither arbitrary nor capricious, the Commonwealth Court aptly noted as follows:

"While it is true that there was no evidence that injuries had actually occurred on Defendant's property, certainly it is not the law that injuries need have occurred before a condition is adjudged a nuisance and thereby abated. In short, our review of the whole record indicates that the *actual condition* of Defendant's property was of such a nature as to give rise to a conclusion that the storage of wrecked, junked, and abandoned vehicles thereon constituted a public hazard and, thereby, a nuisance in fact within the meaning of the ordinance. Though the mere presence of such vehicles on a

person's property cannot, in and of itself support such a finding, we do believe that the presence of such vehicles combined with the conditions and factors discussed above, may create a public hazard and support a finding of nuisance in fact. We do not believe, therefore, that the lower court acted arbitrarily or capriciously in reaching its conclusion." Id.

Likewise, it is the opinion of this court that the storage of junked and abandoned vehicles by Biber in the manner indicated by Officer Smelko created the existence of a nuisance in fact. An appropriate order has been entered.