578 A.2d 1022

**Sarah SCOTT, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 11, 1990.

Decided Aug. 23, 1990.

D. Stephen Ferito, McMurray, for appellant.

Herman J. Bigi, Bigi & Associates, Charleroi, for appellee, Carroll Tp., Com. of Pa.

Before CRAIG, President Judge, PELLEGRINI, J., and NARICK, Senior Judge.

CRAIG, President Judge.

Sarah Scott appeals from an order of Judge David L. Gilmore of the Court of Common Pleas of Washington County finding Scott guilty of storing abandoned or junked automobiles on private property in violation of Carroll Township Ordinance No. 28. The trial court then denied Scott's post-trial motions which contended that the Commonwealth had not proved beyond a reasonable doubt that Scott's storage of the vehicles on the property constituted a nuisance and public hazard. We affirm.

Section II of Carroll Township Ordinance No. 28 provides that it shall be unlawful for any person, firm or corporation or any agents thereof to store or permit the storage of abandoned or junked automobiles on private or public property within the Township. Carroll Township is a second class township. Section 702, cl. XII of the Second Class Township Code, Act of May 1, 1933, P.L. 103, *as amended,*

53 P.S. § 65712, vests second class townships with the authority to prohibit nuisances, including the storage of junked automobiles and scrap.

The trial court found that several junked motor vehicles and various automobile parts were present on Scott's property. The trial court then held that the presence of the vehicles on Scott's property constituted a nuisance in fact. The court sentenced Scott to pay a twenty-five dollar fine plus the costs of prosecution for violating section II of Carroll Township Ordinance No. 28. Scott now appeals that decision.

Scott's appeal raises the following issues: (1) Whether the Commonwealth proved beyond a reasonable doubt that Scott stored or permitted the storage of junked vehicles on private or public property within Carroll Township; (2) Whether the Commonwealth proved that the vehicles on the property constituted a nuisance in fact; and (3) Whether the Commonwealth proved that the vehicles constituted a public hazard and danger.

### 1.

Initially, Scott challenges the findings of the trial court, contending that the Commonwealth failed to prove beyond a reasonable doubt that Scott stored or permitted the storage of junked vehicles on property within Carroll Township.

The test for determining the sufficiency of evidence to support a guilty verdict is whether, viewing the evidence in the light most favorable to the Commonwealth as verdict winner, and drawing all proper inferences in the Commonwealth's favor, the fact finder reasonably could have determined that all elements of the offense have been established beyond a reasonable doubt. *Commonwealth v. Aulisio*, 514 Pa. 84, 522 A.2d 1075 (1987).

Testimony at the trial court hearing by township zoning officer Steve Krassa indicates that Scott is the record owner of the property. Also, Carroll Township Police Chief Howard Springer testified that he found numerous junked and abandoned vehicles when he inspected

Scott's property. Additionally, Krassa corroborated Springer's testimony concerning the condition of the property, and further testified that there were no inspections stickers on the vehicles and that weeds grew high in and around the vehicles.

That testimony reasonably led the trial court to find that Scott stored or permitted the storage of junked vehicles on the property.

### 2.

Next, Scott challenges the trial court's conclusion that the condition of her property constitutes a nuisance in fact. In *McClellan v. Commonwealth,* 92 Pa. Commonwealth Ct. 643, 499 A.2d 1150 (1985) this court noted that, in proceedings against persons for violating such an ordinance, the prosecution must prove that the activity in fact constitutes a nuisance.

In this case, the trial court accepted the testimony of several witnesses who stated that they saw substantial amounts of litter, rats, snakes, groundhogs and mosquitos on the property. Testimony in the record also indicates that neighbors detected a foul odor emanating from the property, and that they noticed mosquitos swarming in and around the junked automobile tires on Scott's property. In *Commonwealth v. Sadecky,* 41 Pa. Commonwealth Ct. 86, 398 A.2d 1073 (1979) this court noted that an area where junked vehicles attracted the breeding of rodents was sufficient to establish a nuisance in fact.

### 3.

Finally, Scott argues that the trial court erred because it did not specifically find that Scott's property constituted a public hazard. In *Talley v. Borough of Trainer,* 38 Pa. Commonwealth Ct. 441, 394 A.2d 645 (1978), this court stated that although "the mere presence of such vehicles on a person's property cannot, in and of itself, support a [finding of a nuisance in fact], we do believe that the presence of such vehicles, combined with the conditions and

factors discussed above, may create a public hazard and support a finding of nuisance in fact." 38 Pa. Commonwealth Ct. at 444, 394 A.2d at 646.

The facts and conditions of the property at issue in *Talley* are similar to those the trial court noted in this case.

Because the record supports the trial court's findings, which are sufficient to support its conclusion that the activities on the property constitute a nuisance in fact, we affirm the decision of Judge Gilmore.

## ORDER

NOW, August 23, 1990, the order of the Court of Common Pleas of Washington County dated January 3, 1990, No. 1605 of 1989, is affirmed.