**COMMONWEALTH of Pennsylvania**

v.

**Keith SNYDER, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted Nov. 21, 1996.
Decided Dec. 31, 1996.

James D. Dennison, Brookville, for appellant.

Gregory M. Bazylak, Assistant District Attorney, Brookville, for appellee.

Before KELLEY and LEADBETTER, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Keith Snyder appeals from the order of the Court of Common Pleas of Jefferson County that summarily convicted him of a violating of the Borough of Punxsutawney Ordinance No. 982. We reverse.

Snyder operates the Punxsutawney Bus Company that provides charter bus service as well as transportation of school students in the Punxsutawney area. Snyder owns property located at the intersection of Sycamore and North Faintly Streets in the Borough, where, for more than fifteen years he has stored numerous motor vehicles, mainly buses, and parts to use for the repair of his vehicles.

On December 12, 1994, the Borough Council (Council) adopted Ordinance No. 982, which regulated the number of junk vehicles that could be stored on property in the Borough.[1] Eight months later, the Punxsutawney Borough Code Enforcement Officers charged Snyder with committing a violation of Ordinance No. 982. A district justice held a hearing where Snyder was found guilty and ordered to pay fines and costs in the amount of $135.50, and was sentenced to imprisonment for forty-five days in the county jail.[2]

Snyder filed a timely appeal to the Court of Common Pleas of Jefferson County that held a summary appeal hearing on January 29, 1996. After briefs were filed, the court announced its verdict, finding Snyder guilty and ordering him to pay the cost of prosecution, a fine of $100.00 and a sentence of ninety days which was to begin immediately if Appellant was not going to appeal the decision.

■ On appeal to this Court,[3] Snyder argues that the trial court erred in finding him guilty of Ordinance No. 982 and abused its discretion in sentencing him to ninety days in jail.

■ First, Snyder argues that the Borough Council impermissibly exceeded powers delegated to it by the Pennsylvania Legislature by enacting an ordinance which he believes declares junked vehicles to be a nuisance per se. While the Legislature gave second-class townships the power to prohibit nuisances in fact through the Second Class Township Code,[4] it did not confer upon townships the power to declare or define the storage of junked or abandoned vehicles to be a nuisance per se. *Commonwealth v. Hanzlik*, 400 Pa. 134, 161 A.2d 340 (1960). More importantly, while the Borough Code[5] confers greater regulatory powers upon boroughs, such as Punxsutawney, than those granted to townships under the Township Code, boroughs must nevertheless write the ordinance in such a way as to require the municipality to affirmatively establish that a nuisance in fact exists. *Davis v. Commonwealth*, 127 Pa.Cmwlth. 475, 561 A.2d 1339 (1989).

---

1. Ordinance No. 982 reads, in relevant part, as follows:
   *Section 2. PROHIBITED STORAGE.* It shall be unlawful for any person owning or having custody of any junked motor vehicle or motor vehicle accessories to remain in unsheltered storage on any private property or public street or highway within the Borough for a period of more than thirty (30) days after the expiration of the thirty-day period following receipt of a notice requiring such removal, and it shall be further unlawful for any person owning any private property in the Borough or leasing any such property to store or permit to remain any such vehicles or accessories on his property for more than a like period. *Such storage is declared to be a public nuisance and may be abated or removed and penalties imposed as provided in this Ordinance.* (emphasis added).

2. The sentence was suspended for a period of forty-five days to allow him to bring the property into compliance with Ordinance No. 982.

3. Our scope of review of a trial court's summary conviction is limited to determining whether an error of law occurred or whether the trial court's findings are supported by substantial evidence. *Commonwealth v. Harchelroad*, 154 Pa.Cmwlth. 259, 623 A.2d 878 , *appeal denied*, 535 Pa. 649, 633 A.2d 153 (1993).

4. Act of May 1, 1933, P.L. 103, *as amended*, 53 P.S. §§ 65101–67201.

5. Act of February 1, 1966, P.L. (1965) 1656, *as amended*, 53 P.S. §§ 45101–48501.

■ To determine if an ordinance impermissibly declares junk vehicles a nuisance *per se*, courts must examine whether or not a junk vehicle ordinance imposes unconstitutional restraints. This analysis depends upon a reasonable interpretation of the entire ordinance, including the preamble thereto. *Commonwealth v. Sadecky*, 41 Pa.Cmwlth. 86, 398 A.2d 1073 (1978).

Here, the preamble of the Ordinance states:

> Whereas, the maintenance of junk vehicles *can* constitute a public hazard or nuisance, as well as a public eyesore, and regulations are deemed necessary for the preservation of the public health, welfare and safety ...

(emphasis added). The preamble, does not appear to declare junk vehicles to be a nuisance per se. However, Section 1 of the Ordinance No. 982 defined "public nuisance" as "the unsheltered storage of *any* junked motor vehicle as otherwise defined in this Ordinance." (Emphasis added.) Section 2 of Ordinance No. 982 declares it to be unlawful to have unsheltered storage of any junk vehicles on private property, and further reads "[s]uch storage is declared to be a public nuisance and may be abated or removed and penalties imposed as provided in this ordinance."

In *Sadecky*, the preamble recites that the accumulation of junk vehicles creates a hazard and danger to the health and welfare of the borough's citizens because such a condition provides a breeding ground for rodents. Another paragraph of the *Sadecky* preamble states that the accumulation of junk vehicles created an attractive nuisance for children, who are not aware of the dangers involved.

■ Here, Ordinance No. 982 merely claims that the maintenance of junked vehicles *can* constitute a public nuisance. No clarification exists as to what "can" constitute a public nuisance. The Ordinance gives no such detail as to why the junked vehicles can constitute a public hazardous nuisance. The Borough introduced no evidence regarding health concerns relying solely upon the wording of Ordinance 982. The dearth of evidence was clearly insufficient to prove that junk vehicles on Snyder's property constituted a nuisance in fact. Therefore, we hold that the trial court erred as a matter of law in holding that the Borough met its burden to prove that a nuisance in fact existed upon Snyder's property.

■ Even if the Borough had met its burden of showing a violation of the Ordinance No. 982, Snyder asserts that the trial court abused its discretion and committed an error of law when it sentenced him to ninety days in jail because Section 3307 of the Borough Code, 53 P.S. § 48307, provides:

> Upon judgment against any person by summary conviction, or by proceedings by summons on default of the payment of the fine or penalty imposed and the costs, the defendant may be sentenced and committed to the borough lockup for a period not exceeding ten days or to the county jail or workhouse for a period not exceeding thirty days.

53 P.S. § 48307. The Borough asserts, however, that the trial court did not abuse its discretion because under the Crimes Code, 18 Pa.C.S. § 1105:

> A person who has been convicted of a summary offense may be sentenced to imprisonment for a term which shall be fixed by the court at not more than ninety days.

With such conflicting provisions, we must turn to the Statutory Construction Act for direction. The thirty-day sentence limitation contained in the Borough Code, must be considered a specific sentencing rather than the general 90–day sentencing provision set forth in the Crimes Code. The Statutory Construction Act, 1 Pa.C.S. § 1933, provides:

> Whenever a general provision in a statute shall be in conflict with a specific provision in the same or another statute, the two shall be construed, if possible, so that effect may be given to both. If the conflict between the two provisions is irreconcilable, the special provisions shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted later and it shall be the manifest intention of the General Assembly that such general provision shall prevail.

Normally, a specific provision would control a more general provision; however, because the Crimes Code provision was enacted after the Borough Code, under 1 Pa.C.S. § 1933, the Crimes Code would appear to prevail, if the manifest intention of the General Assembly was known. Because we do not know the manifest intention of the General Assembly, we examine *Commonwealth v. Bidner*, 282 Pa.Super. 100, 422 A.2d 847 (1980), where the Superior Court held that the Crimes Code provision as to perjury was not to prevail over the specific penalty measures of the Election Code perjury prohibition, even though the Crimes Code was enacted later that the Election Code.[6] See also *Olshansky v. Montgomery County Election Board*, 488 Pa. 365, 412 A.2d 552 (1980).

Most importantly, 1 Pa.C.S. § 1928, states that penal provisions in a code must be strictly construed. We would be remiss if we held that the Crimes Code sentencing would control the penal provisions of violations of ordinances under the Borough Code. Therefore, we hold that the trial court sentencing of Snyder to 90 days in jail would have been erroneous, even if it had properly found him guilty of violating Ordinance No. 982.

Accordingly, we reverse.

LEADBETTER, Judge, dissents.

### ORDER

AND NOW, this 31st day of December, 1996, the order of the Court of Common Pleas of Jefferson County in the above-captioned matter is hereby reversed.

6. The Superior Court also held in *Bidner*, that the Election Code provision was not repealed by implication on enactment of the Crime Code provision.