**COMMONWEALTH of Pennsylvania**

v.

**Brian NICELY, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted Nov. 13, 2009.
Decided Feb. 4, 2010.

Brian Nicely, appellant, pro se.

Stanley B. Lederman, Pittsburgh, for appellee.

BEFORE: COHN JUBELIRER, Judge, and SIMPSON, Judge, and KELLEY, Senior Judge.

OPINION BY Judge COHN JUBELIRER.

Brian Nicely (Nicely) appeals, pro se, from the April 28, 2009 order of the Court of Common Pleas of Allegheny County (trial court), which denied his *de novo* appeal from a summary conviction for storing an unlicensed and unregistered motor vehicle on his property in violation of certain sections of the Borough of Baldwin (Borough) Ordinance (Ordinance) and the International Property Maintenance Code/2006 (Property Maintenance Code). The Ordinance and Property Maintenance Code govern the maintenance of property, including the maintenance of exterior areas, within the Borough and regulate, *inter alia*, the parking, keeping, or storing of unlicensed and unregistered vehicles on properties located in the Borough. On appeal, Nicely argues that the trial court's order should be reversed because: (1) the Borough failed to prove that the vehicle stored in his driveway was a nuisance in fact; (2) the trial court erred by not holding a separate hearing to consider Nicely's Motion to Dismiss with Prejudice (Motion); (3) the Borough's citation lacked specificity, violating Nicely's right to know the nature of the accusations against him; (4) the charge should have been dismissed as a de minimis violation; and (5) the trial court denied Nicely the opportunity to present his appeal. We affirm.

On August 8, 2008, the Borough's code enforcement officer (Officer) sent Nicely a letter (Notice), by certified mail, indicating that: the unlicensed, unregistered vehicle in Nicely's driveway violated Section 302.8 of the Property Maintenance Code and Section 157–1 of the Ordinance; Nicely had thirty days to remove the vehicle; and the failure to remove the vehicle could result in a citation. (Notice from Officer to Nicely (August 8, 2008).) Attached to the Notice were copies of Sections 302.8 and 157–1. Nicely signed and returned the certified receipt, thus acknowledging that he received the Notice. Section 302.8 of the Property Maintenance Code, which is part of Section 302 of the Property Maintenance Code regulating "Exterior Property Areas," provides, in relevant part:

> 302.8 **Motor Vehicles.** Except as provided for in other regulations, no inoperative or unlicensed motor vehicle shall be parked, kept or stored on any premises, and no vehicle shall at any time be in a state of major disassembly, disrepair, or in the process of being stripped or dismantled.

(Section 302.8 of the Property Maintenance Code, Commonwealth Ex. 6.) Section 157–1 of the Ordinance defines "Abandoned Vehicle," in pertinent part, as:

> Any vehicle in such a state of disrepair as to be incapable of being moved under its own power or with any tire missing or without a wheel or wheels or with any window broken or missing or in a dismantled condition or *without cur-*

*rent license plates or without a current inspection sticker, which vehicle has not been moved or used for more than seven consecutive days. . . . .*

(Section 157–1 of the Ordinance, Commonwealth Ex. 5 (emphasis added).)

█ Nicely did not respond to the Notice, and he did not move or register the vehicle. Consequently, on September 16, 2008, the Officer issued a citation to Nicely for violating: "Inter Prop. Maint. Code/ 2006 [Section] 302.8[;] Boro Ord. [Section] 157–1 [Fine] 300 . . . [;] Unlicensed, Unregistered Vehicle On Property." (Citation, September 16, 2008.) A Magisterial District Judge found Nicely guilty of a summary offense[1] and fined Nicely $300.00 plus costs. (Transcript of Docket, December 17, 2008.) Nicely appealed his conviction to the trial court, (Notice of Appeal from Summary Conviction, December 5, 2008), which held *de novo* hearings on March 24, 2009 and April 28, 2009.

At the first hearing, Officer testified that: he was the code enforcement officer for the Borough; he sent Nicely the Notice, for which Nicely signed the certified return receipt; he had no communication with Nicely regarding the Notice; he was unaware of any attempts to mediate the problem; and he issued the citation for the storage of the vehicle on the property. (Trial Ct. Hr'g Tr. at 2–5, March 24, 2009.) Officer then presented the trial court with pictures of the vehicle, (Commonwealth Exs. 2–4), taken March 23, 2009, the day before Officer testified. (Trial Ct. Hr'g Tr. at 5–6.) Officer stated that: the vehicle in the pictures was in the same position as it had been in August 2008 (when he sent the Notice); the vehicle did not bear a current Pennsylvania registration or inspection sticker; and the last registration was from 2000. (Trial Ct. Hr'g Tr. at 6.) Officer explained that the vehicle was in the same condition in August 2008 as it was in the photographs[2] and that, to the best of his knowledge, the vehicle had not been moved or repaired in that time. (Trial Ct. Hr'g Tr. at 7.) Officer opined that the condition of the vehicle violated Section 157–1 of the Ordinance and Section 302.8 of the Property Maintenance Code. (Trial Ct. Hr'g Tr. at 7–8.)

In response, Nicely argued that, pursuant to *Davis v. Commonwealth,* 127 Pa. Cmwlth. 475, 561 A.2d 1339 (1989), and other case law, in order to establish a violation of the Ordinance and Property Maintenance Code, the Borough had to prove that his vehicle was a nuisance in fact, which the Borough failed to do. (Trial Ct. Hr'g Tr. at 9–10.) Nicely testified that his vehicle was not "in disrepair, [was] not taken apart, kids can't climb on it. It's locked up, it's on my property." (Trial Ct. Hr'g Tr. at 10.) Nicely agreed that the vehicle did not have a current license plate or inspection, but he disagreed that the tire was in disrepair, stating "I can blow that tire up." (Trial Ct. Hr'g Tr. at 10.) Nicely claimed that he could start the vehicle at any time by installing a charged battery and that the Borough's assertion that the vehicle was not moveable was incorrect. (Trial Ct. Hr'g Tr. at 11.)

---

1. "A summary case is one in which the only offense or offenses charged are summary in nature." *Commonwealth v. Borriello,* 696 A.2d 1215, 1217 n. 4 (Pa.Cmwlth.1997). "This includes all charged offenses as defined in the Crimes Code, 18 Pa.C.S. § 106(c), or violations of ordinances for which imprisonment may be imposed upon conviction or upon failure to pay a fine or penalty." *Id.*

2. The pictures corroborated Officer's testimony that the vehicle's license plate registration sticker was from February 2000 and revealed, *inter alia,* that the right tail light of the vehicle was broken, the paint on the vehicle was chipping, and the front left tire on the vehicle was flat. (Commonwealth Exs. 2–4.)

When the trial court asked him why he could not store the car in his garage, Nicely explained that he had other things in the garage. (Trial Ct. Hr'g Tr. at 18.) After hearing this testimony, the trial judge continued the case for thirty days, stating that, if Nicely merely moved the vehicle, he would grant Nicely's appeal (Trial Ct. Hr'g Tr. at 19–20), and that he would review the cases relied on by Nicely prior to the second hearing. (Trial Ct. Hr'g Tr. at 20–21.)

At the second hearing, Nicely, who had not moved the vehicle, filed the Motion, again asserting that a municipality cannot declare abandoned vehicles nuisances per se, but must prove that a stored vehicle is a nuisance in fact. (Motion, April 28, 2009; Trial Ct. Hr'g Tr. at 3–4, April 28, 2009.) According to Nicely, the Borough did not produce any evidence that his vehicle was a nuisance and, therefore, the matter should be dismissed with costs assessed against the Borough. (Motion at 3–4; Trial Ct. Hr'g Tr. at 3.) The Borough responded that the cases Nicely relied upon were distinguishable because the Ordinance and Property Maintenance Code did not declare abandoned vehicles nuisances per se. (Trial Ct. Hr'g Tr. at 4.) The

Borough also indicated that Nicely had not moved the vehicle since the last hearing. (Trial Ct. Hr'g Tr. at 2.)

Noting that it was familiar with and understood the cases cited by Nicely, the trial court ruled against Nicely on the nuisance issue. (Trial Ct. Hr'g Tr. at 5.) The trial court found Nicely guilty and fined him $300.00 plus costs. (Trial Ct. Hr'g Tr. at 5–6; Trial Ct. Order, April 28, 2009.) Nicely now appeals to this Court.[3]

Nicely first argues that, pursuant to *Commonwealth v. Snyder,* 688 A.2d 230 (Pa.Cmwlth.1996), *Teal v. Township of Haverford,* 134 Pa.Cmwlth. 157, 578 A.2d 80 (1990), *Davis,* and *Talley v. Borough of Trainer,* 38 Pa.Cmwlth. 441, 394 A.2d 645 (1978), the Borough had to prove that the vehicle on Nicely's property was a nuisance in fact, and cannot simply declare all abandoned vehicles to be nuisances per se.[4] According to Nicely, the evidence presented by the Borough does not prove that the vehicle is a nuisance in fact. We disagree that the Borough had to prove that the vehicle was a nuisance in fact.

*Snyder, Teal, Davis,* and *Talley* are distinguishable from the present matter. In those cases, the municipalities' authority to

**3.** This Court's review of a "trial court's determination on appeal from a summary conviction is limited to whether there has been an error of law or whether competent evidence supports the trial court's findings." *Commonwealth v. Hall,* 692 A.2d 283, 284 n. 2 (Pa.Cmwlth.1997). The Commonwealth has the never-shifting burden of proving all elements of a summary offense beyond a reasonable doubt. *Commonwealth v. A.D.B.,* 752 A.2d 438, 443 (Pa.Cmwlth.2000). In considering whether the evidence is sufficient to convict, the Court must "view all of the evidence admitted at trial, together with all reasonable inferences therefrom, in the light most favorable to the Commonwealth." *Commonwealth v. Spontarelli,* 791 A.2d 1254, 1258 (Pa.Cmwlth.2002).

**4.** Nicely does not challenge the constitutional validity of the provisions of Section 302.8 of the Property Maintenance Code or Section 157–1 of the Ordinance. Nicely does argue that the Property Maintenance Code is not a penal law under which he can be charged. (Nicely's Reply Br. at 6, 9.) However, the Property Maintenance Code was adopted as a part of the Ordinance. *See* Section 131–2 of the Ordinance (adopting and incorporating the Property Maintenance Code), available at http://www.ecode360.com/?custId=BA0968. Accordingly, the provisions within the Property Maintenance Code are a part of the Ordinance, and the failure to comply is a violation of the Ordinance subject to penalties and fines. *See* Section 131–8 of the Ordinance (setting forth the penalties for violating the Property Maintenance Code).

regulate and abate the abandoned vehicles flowed from their power to regulate nuisances. This Court, in *Talley, Davis,* and *Snyder,* held that in order to regulate and abate the storage of wrecked or abandoned vehicles, the boroughs had to prove that the subject vehicles were nuisances in fact. However, in those cases the Court found the boroughs were regulating this activity pursuant to the nuisance provisions found at Section 1202(5) of the Borough Code,[5] as evidenced by the Court's reliance on *Commonwealth v. Hanzlik,* 400 Pa. 134, 161 A.2d 340 (1960), in which our Supreme Court held that former Section 702 of The Second Class Township Code,[6] now Section 1529, authorizes a second class township to prohibit nuisances, such as abandoned or junked vehicles, by ordinance so long as the township proves that the vehicle is a nuisance in fact.[7] Similarly, the township's authority to regulate the abandoned vehicles in *Teal* relied on Section 1502 of The First Class Township Code,[8] which grants townships the authority to prohibit and remove nuisances.[9]

5. Act of February 1, 1966, P.L. (1965) 1656, *as amended,* 53 P.S. § 46202(5).

6. Act of May 1, 1933, P.L. 103, *formerly,* 53 P.S. § 65712, *deleted by* Section 1 of the Act of November 9, 1995, P.L. 350. A similar provision is now found at Section 1529 of the Second Class Township Code, added by Section 1 of the Act of November 9, 1995, *as amended,* 53 P.S. § 66529.

7. In *Talley,* the borough ordinance stated that it was "unlawful to park, store or leave any vehicle in any kind of wrecked, junked, stripped or abandoned condition, or any automobile whether occupied or not, in a place where its presence constitutes a hazard on private property." 394 A.2d at 646. Citing *Hanzlik,* this Court held that it was established that a municipal ordinance that seeks to abate the storage of wrecked, junked or abandoned vehicles cannot declare the mere presence of such vehicles a nuisance, per se, but must prove that the vehicles were nuisances in fact. *Id.* Noting that the borough submitted ample evidence to support the conclusion that the vehicles were nuisances in fact, we affirmed the defendant's summary conviction. *Id.*

In *Davis,* the borough's ordinance stated that "[n]o person shall place or store, within the limits of the [borough], any abandoned, junked or wrecked motor vehicle or motor vehicles which are not currently licensed. Any motor vehicle so placed or stored is hereby declared to be a public nuisance...." 561 A.2d at 1340. The property owner was cited for, and ultimately convicted of, having an unlicensed, uncovered vehicle in need of repair on her property. *Id.* On appeal, this Court reversed, relying, *inter alia,* on *Hanzlik,* and stating that borough ordinances regulating junked and abandoned vehicles must require the municipality to affirmatively establish that a nuisance in fact exists and that the borough failed to produce any evidence showing that the storage of this vehicle constituted a nuisance. *Id.* at 1340–41.

In *Snyder,* as in *Davis,* the borough's ordinance stated that "[i]t shall be unlawful for any person owning or having custody of any junked motor vehicle or motor vehicle accessories to remain in unsheltered storage on any private property" and declared "[s]uch storage ... to be a public nuisance...." 688 A.2d at 231 n. 1. The property owner was cited for, and ultimately convicted of, violating the ordinance. *Id.* at 231. On appeal, this Court reversed, citing *Hanzlik* and *Davis.* In doing so, we noted that, although the preamble of the borough's ordinance stated that the storage of junked vehicles "can" constitute a public nuisance, the ordinance's definition of "public nuisance" included "the unsheltered storage of *any* junked motor vehicle" and the ordinance clearly declared the unsheltered storage of any junked vehicle to be unlawful and a public nuisance. *Id.* at 232. Finally, pointing to the fact that the borough failed to present *any* evidence that the vehicle in question was a nuisance in fact, choosing to rely solely on the language of the ordinance, we held that the court of common pleas erred in finding that the borough met its burden of proving a violation of the ordinance. *Id.*

8. Act of June 24, 1931, P.L. 1206, *as amended,* 53 P.S. § 56526.

9. In *Teal,* the township ordinance declared it unlawful for the "owner of any motor vehicle

In contrast, the Borough's authority to regulate the maintenance and conditions of property, including the exterior areas of a property, is not found in its power to regulate nuisances. Rather, that authority is found in Section 1202(24) of the Borough Code, 53 P.S. § 46202(24), which expressly authorizes boroughs to "enact suitable ordinances relating to property maintenance." Section 1202(24) further provides that "the building code, the *property maintenance code,* the housing code and the plumbing code may be combined or separately enacted or combined with other standard codes." 53 P.S. § 46202(24). Thus, pursuant to Section 1202(24), the Borough has the authority to adopt the Property Maintenance Code and to enforce its provisions. Section 308.2 of the Property Maintenance Code specifically prohibits, *inter alia,* the storage, keeping or parking of an inoperative and/or unlicensed motor vehicle on property in the Borough. Neither Section 302.8 of the Property Maintenance Code or Section 157–1 of the Ordinance state that such vehicles constitute nuisances per se, nor do they require that the Borough prove that such vehicles are nuisances in fact in order to regulate the maintenance of property within the Borough. Here, the Borough was not regulating the abandoned vehicle on Nicely's property as much as it was regulating the condition and maintenance of the real property as a whole, as authorized by Section 1202(24) of the Borough Code. We note that Nicely cites no author-

ity, and we have found none, that holds that there is something inherently special or privileged about motor vehicles that prohibits a municipality from including inoperative or unlicensed vehicles in its property maintenance regulations or that requires a municipality to limit any reference to motor vehicles to a municipality's nuisance provisions. Thus, we agree with the Borough that it did not have to prove that the vehicle was a nuisance in fact in order to prove that Nicely violated Section 302.8 of the Property Maintenance Code and Section 157–1 of the Ordinance.

Rather, to establish Nicely's violation of the Ordinance and the Property Maintenance Code, the Borough had to prove, beyond a reasonable doubt, *Commonwealth v. A.D.B.,* 752 A.2d 438, 443 (Pa.Cmwlth.2000), that Nicely had an unlicensed, unregistered vehicle parked, kept, or stored on his premises and that the vehicle had not been moved or used for more than seven consecutive days. (Section 302.8 of the Property Maintenance Code; Section 157–1 of the Ordinance.) Officer testified, and Nicely acknowledged, that the vehicle was last registered in 2000. Officer further testified that, between the time that he issued the Notice in August 2008, the citation in September 2008, and offered testimony before the trial court in March 2009, the vehicle had not been moved. This time period is considerably more than seven consecutive days. Nicely did not rebut Officer's testimony

to allow, or for any person to park a disabled motor vehicle or permit a disabled motor vehicle to stand, whether attended or unattended, upon any private property within the Township ... for a period of more than seventy-two (72) consecutive hours." 578 A.2d at 81. The defendant kept two vehicles in his driveway, neither of which had current registration or inspection stickers, and the township charged him with violating the local ordinance. *Id.* Citing to Section 1502 of The

First Class Township Code (authorizing the prohibition and removal of nuisances) and *Hanzlik,* this Court held that the township was required to prove that the vehicles in question were nuisances in fact in order to prove a violation of the township ordinance. *Id.* at 81–82. Pointing to the lack of evidence that the vehicles were a nuisance, the Court reversed the judgment against the defendant. *Id.* at 83.

that the vehicle had not been moved, testifying instead that he *could* have moved the vehicle had he pumped up the tire and installed a charged battery. In denying Nicely's appeal, the trial court credited the Officer's testimony, and that credited testimony satisfies the Borough's burden of proving that Nicely violated Section 302.8 of the Property Maintenance Code and Section 157–1 of the Ordinance.

■ Nicely next asserts that the trial court violated his constitutional rights because it did not hold a hearing on the Motion, as required by *Commonwealth v. Breslin*, 732 A.2d 629 (Pa.Super.1999), and because the trial court disregarded his "well-researched" Motion. (Nicely's Br. at 14.) We disagree.

In *Breslin*, the Superior Court held that a trial court erred when, based on the trial court's belief that motions to suppress are not available in summary offense matters, it denied the defendant's motion to suppress without allowing the defendant to introduce evidence relevant to the motion and without considering the issues underlying the motion. 732 A.2d at 632–33. The Superior Court rejected the trial court's reasoning, stating that there was "no indication in our case law or rules of criminal procedure that motions to suppress are not properly brought in summary offense cases." *Id.* at 633. The Court then explained "that we do not find that the lower court committed procedural error in not conducting a separate suppression hearing. Rather, we hold that the lower court erred by refusing to consider the issues raised in [the defendant's] motion." *Id.* at 633 n. 3.

Contrary to Nicely's assertions, *Breslin* does not stand for the proposition that a trial court must hold a separate hearing to consider a filed Motion. In fact, the court in *Breslin* specifically held that the lower court *did not* err by not conducting a separate hearing. Thus, the trial court here did not err by not holding a separate hearing to consider Nicely's Motion. Moreover, we disagree with Nicely that the trial court disregarded the Motion. Nicely's Motion reiterated his position that the Borough was required to present evidence that the vehicle on Nicely's property was a nuisance in fact and that the Borough failed to do so. The trial court allowed Nicely to present the Motion, discuss the contents of the Motion, as well as his position that the Borough's evidence was lacking, and allowed the Borough to respond. (Trial Ct. Hr'g Tr. at 2–5, April 28, 2009.) The trial court considered the Motion and concluded it was without merit. Accordingly, the trial court did not violate Nicely's *Breslin* rights.

■ Nicely also argues that, pursuant to *Commonwealth v. Borriello*, 696 A.2d 1215 (Pa.Cmwlth.1997), the trial court's order should be reversed because the citation lacked the specificity necessary to provide Nicely with knowledge of the nature and cause of the accusation against him. Again, we disagree.

■ "[I]t is well established that the essential elements of a summary offense must be set forth in the citation so that the defendant has fair notice of the nature of the unlawful act for which he is charged." *Borriello*, 696 A.2d at 1217. In *Borriello*, we reversed a trial court's order convicting the property owners of violating a municipality's ordinance because, of the twenty-six citations charging violations of the municipality's ordinance issued, only two mentioned specific defects in the property and none cited the sections of the ordinance for which they ultimately were convicted. *Id.* at 1216. In doing so, this Court noted that the "[f]ormal accusation and specific charge enables a defendant to properly defend and protect himself from further prosecution of the same offense, and en-

ables the court to determine the sufficiency of the prosecution's case to support a conviction." *Id.* at 1217. Our Court also cited to former Rule 90 of the Pennsylvania Rules of Criminal Procedure, which proscribed dismissal for defects in the citation unless the defendants suffer actual prejudice to their actual rights. *Id.* "Such prejudice will not be found where the content of the citation, taken as a whole, prevented surprise as to the nature of summary offenses of which [the] defendant was found guilty of at trial, ... or the omission does not involve a basic element of the offense charged...." *Id.*

Here, the citation specifically states the section of the Ordinance and the section of the Property Maintenance Code that Nicely was charged with violating for keeping an unlicensed and unregistered vehicle on his property. The citation provided Nicely with sufficient information regarding the charges against him such that he could properly defend himself and enable the trial court to determine the sufficiency of the Borough's evidence to support its conviction. Moreover, Nicely's rights were not prejudiced because the citation, taken as a whole, prevented surprise as to the nature of the summary offenses Nicely was charged with and of which he was found guilty. Thus, we conclude that there was no violation of Nicely's due process rights pursuant to *Borriello*.

 Finally, we reject Nicely's arguments that the trial court's order should be dismissed because his violations of the Ordinance and Property Maintenance Code were de minimis and the trial court denied him the opportunity to present his appeal. First, this was not a de minimis violation of the Ordinance and Property Maintenance Code. The evidence established that, at the time Officer issued the citation: the vehicle had been unlicensed and unregistered for approximately nine years; the vehicle had not been moved for more than seven consecutive days; and the Borough gave Nicely the opportunity to move the vehicle before it issued the citation. The Ordinance and Property Maintenance Code prohibit this activity in the exterior areas of a property located in the Borough. Second, the trial court allowed Nicely to present his appeal. Nicely had the opportunity to testify on his own behalf, to cross-examine the Borough's witness, and to submit argument in support of his appeal. The trial court simply did not agree with Nicely's position and, after offering Nicely the opportunity to resolve the matter without having to pay the fine, of which Nicely did not avail himself, the trial court found Nicely guilty and fined him $300.00 plus costs.

Accordingly, the order of the trial court is affirmed.

### ORDER

**NOW,** February 4, 2010, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is hereby **AFFIRMED.**