IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania : 
:
v. : No. 2050 C.D. 2013
:
Robert Ansell, :
            Appellant :


Commonwealth of Pennsylvania :
:
v. : No. 2051 C.D. 2013
: Submitted: July 25, 2014
William Ansell, :
            Appellant :


OPINION NOT REPORTED


MEMORANDUM OPINION
PER CURIAM                FILED: August 13, 2014


Robert Ansell and William Ansell (collectively, Appellants), *pro se*, appeal from orders of the Court of Common Pleas of Allegheny County (trial court) finding them guilty of non-traffic summary offenses for violating Section 308.1 of the Ross Township (Township) Property Maintenance Code[1] and Section 1606.1 of the Township Zoning Ordinance[2] and imposing fines of $300 plus costs

---

[1] That section, "Accumulation of rubbish or garbage," provides that "[a]ll *exterior property* and *premises*, and the interior of every structure, shall be free from any accumulation of *rubbish* or garbage." (Emphasis in original).

[2] That section, "Prohibited Signs," provides, in relevant part:

**(Footnote continued on next page…)**

and $100 plus costs, respectively.[3]  For the reasons that follow, we affirm the trial court.

Robert Ansell is the owner of 109 Fairley Road (property), a single-family residence located in the Township, while William Ansell resides at the property.  In 2013, Robert Muchenski (Muchenski), the Township's Code Enforcement Officer, issued a citation to Appellants for violating Section 308.1 of the Township Property Maintenance Code and Section 1606.1 of the Township Zoning Ordinance due to the accumulation of objects in the property's yard and the

---

**(continued…)**

1. All signs not expressly authorized under this Part or exempt from regulation hereunder in accordance with previous sections are prohibited in the Township.  Prohibited signs shall include, but are not limited to:

\*\*\*

N. Any sign or structure which constitutes a hazard to public safety or health.

\*\*\*

R. Signs which make use of words such as "stop," "look," "one-way," "danger," "yield," or similar words, phrases, symbols, lights or characters in such a manner as to interfere with, mislead or confuse traffic.

\*\*\*

Y. No signage shall contain pornographic or lewd messages or messages intended to incite riots.

[3] By order dated January 29, 2014, this Court consolidated the appeals.

presence of numerous signs hanging from the property's front deck. After a Magisterial District Judge found Appellants guilty of the cited violations, Appellants filed summary appeals of their convictions with the trial court.

Before the trial court, Muchenski testified regarding the condition of the property. He stated that the property's yard contained children's toys, swimming pools and playhouses; lawn ornaments covered by plastic bags; several plastic tarps; figures of Santa Claus, including one which appeared to be urinating; and figures of a choir with their heads removed. Muchenski further testified as to the numerous signs located on the property. He explained that there were two signs on the property with arrows that were intended to direct traffic, and also described several signs containing derogatory language which were directed at Appellants' neighbors and the Township Commissioner.[4] Muchenski also

---

[4] These signs stated:

- "The fat [expletive] lied and died. Good move [neighbor's name]. You killed the fat old [expletive]."

- "Beware, [neighbor's names] are disgusting dirty little liars."

- "[Neighbor's name] is a [expletive]"

- "[Neighbor's name] is a [expletive] mailbox thief."

- "[Neighbor's name] is a [expletive] thief. If he steals a mailbox what next a church plate."

- "Neighbor is a thief" (with an arrow pointing in the direction of the neighbor's home).

**(Footnote continued on next page…)**

3

introduced photographs which he took on October 25, 2013, depicting the objects in the property's yard and the signs. He ultimately opined that the property, in its current state, violated the Township ordinances at issue. Appellants testified that the objects in the property's yard were part of a Christmas display and did not constitute rubbish. They also introduced photographs from 2008 depicting the Christmas display. Appellants admitted to displaying the aforementioned signs on the property, but argued that the signs were protected by the First Amendment.

Following the hearing, the trial court issued orders finding Appellants guilty of violating Section 308.1 of the Township Property Maintenance Code and Section 1606.1 of the Township Zoning Ordinance. The trial court also fined William Ansell $300 plus costs and fined Robert Ansell $100 plus costs. In its subsequent opinion,[5] the trial court explained that Appellants violated Section 308.1 of the Township Property Maintenance Code because the objects accumulated in the property's yard – particularly, the tarps, garbage bags and dismembered figurines – clearly constituted rubbish, which is prohibited by that section. The trial court held that the signs on the property violated Section 1606.1 of the Township Zoning Ordinance because they could confuse passing drivers and

---

**(continued…)**

- "I would call my Commissioner an [expletive] but an [expletive] has a purpose."

(*See* October 29, 2013 Hearing Transcript, Commonwealth photo exhibits).

[5] Because the offenses arose from the same set of circumstances at the same property, the trial court addressed both matters in one opinion.

contain expletives and inflammatory language, thereby constituting a hazard to public health or safety. Moreover, the trial court noted that, contrary to Appellants' contention, the signs were not constitutionally protected because "the right to freedom of speech is not absolute [and] does not include written communications which contain inflammatory and derogatory comments about named individuals." (Trial Court's January 23, 2014 Opinion at 4). This appeal[6] followed in which Appellants essentially argue that the trial court erred in holding that the items on the property constituted rubbish and that the signs on the property were not constitutionally protected political speech.[7]

Section 202 of the Township Property Maintenance Code defines "rubbish" as:

> Combustible and noncombustible waste materials, except garbage. The term shall include the residue from the burning of wood, coal, coke and other combustible materials, paper, rags, cartons, boxes, wood, excelsior, rubber, leather, tree branches, yard trimmings, tin cans, metals, mineral matter, glass, crockery and dust and other similar materials.

[6] Our review of a trial court's determination on appeal from a summary conviction is limited to whether there has been an error of law or whether competent evidence supports the trial court's findings. *Commonwealth v. Nicely*, 988 A.2d 799, 803 n.3 (Pa. Cmwlth. 2010). In considering whether the evidence is sufficient to convict, the Court must view all of the evidence admitted at trial, together with all reasonable inferences therefrom, in the light most favorable to the Commonwealth. *Id*.

[7] Appellants also take issue with the fact that the trial court judge who authored the opinion was not the same judge who presided over the hearing. However, "[w]here the issue involved is one purely of law, the fact that someone other than the hearing judge wrote the opinion would be of little significance." *Armbruster v. Horowitz*, 744 A.2d 285, 289 (Pa. Super. 1999) (quoting *Commonwealth v. Yogel*, 453 A.2d 15, 16 (Pa. Super. 1982)).

Here, the evidence clearly demonstrates that the property was littered with, among other things, plastic tarps, lawn ornaments covered by garbage bags and dismembered figurines. While these items are not expressly included in the definition of "rubbish," the evidence, when viewed in the light most favorable to the Commonwealth, supports the trial court's finding that Appellants violated Section 308.1 of the Township Property Maintenance Code.

We also find no error in the trial court's holding that the signs on the property violated the Township Zoning Ordinance. The evidence clearly shows two signs on the property intended to direct traffic, which alone violate Section 1606.1 of the Zoning Ordinance. Moreover, the evidence shows numerous signs on the property containing derogatory language that are directed at Appellants' neighbors and the Township Commissioner. These signs also clearly violate the Township Zoning Ordinance. Appellants' contention that these signs were constitutionally protected speech is without merit, because, as the trial court noted, the right to freedom of speech is not absolute. As the courts of this Commonwealth have recognized:

> There are certain well defined and narrowly limited classes of speech, the prevention and punishment of which have never been thought to raise any Constitutional problem. These include the lewd and obscene, the profane, the libelous, and the insulting or 'fighting' words—those which by their very utterance inflict injury or tend to incite an immediate breach of the peace. … Resort to epithets or personal abuse is not in any proper sense communication of information or opinion safeguarded by the Constitution, and its punishment as a criminal act would raise no question under that instrument.

6

*Commonwealth v. Lutes*, 973 A.2d 949, 962 (Pa. Super. 2002) (quoting *Commonwealth v. Mastrangelo*, 414 A.2d 54, 58 (Pa. 1980)) (quotations omitted).

Accordingly, the trial court's orders are affirmed.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania    :
    :
          v.    : No. 2050 C.D. 2013
    :
Robert Ansell,    :
          Appellant    :


Commonwealth of Pennsylvania    :
    :
          v.    : No. 2051 C.D. 2013
    :
William Ansell,    :
          Appellant    :


# **O R D E R**


**PER CURIAM**


AND NOW, this 13th day of August, 2014, the orders of the Court of Common Pleas of Allegheny County, dated October 29, 2013, at Nos. SA 1375 and 1491 of 2013, are affirmed.