IN THE COMMONWEALTH COURT OF PENNSYLVANIA

The County of Luzerne,                  :
Commonwealth of Pennsylvania            :
                                        :
          v.                            :
                                        :
Thomas Perrone,                         :    Nos. 1018-1024 C.D. 2021
                    Appellant           :    Submitted: May 26, 2023


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE LORI A. DUMAS, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON              FILED:  September 21, 2023


          Thomas Perrone (Appellant) appeals the May 4, 2021 orders (Trial
Court Orders) of the Court of Common Pleas of Luzerne County (Trial Court)
finding Appellant guilty of seven summary offenses for violating Section 302.8 of
the 2015 International Property Maintenance Code (PMC),[1] which the Municipality
of Kingston, Luzerne County (Municipality), has adopted.  Upon review, we affirm.


                         **I.  Background**

          Appellant owns a parcel of property on Cuba Street in a residential
section of Municipality (Property), at which he keeps seven automobiles outside in

---

[1] PMC, chapter 3, § 302.8 (2105).

various stages of disrepair (collectively, the Offending Vehicles). *See* Trial Court Opinion at 2. On February 21, 2020, Municipality's code enforcement officer sent Appellant a letter (Violation Letter) notifying Appellant that the Offending Vehicles violated the PMC. *See id.* at 3. The Violation Letter provided Appellant with 30 days in which to remedy the PMC violations before facing further legal action. *See id.*

Appellant did not remove the Offending Vehicles from the Property as directed by the Violation Letter. *See* Trial Court Opinion at 3. As a result, on July 17, 2020, the Municipality issued seven PMC violation citations, one citation for each of the Offending Vehicles (collectively, the Citations). *See id.* Appellant appealed the Citations to the Trial Court. *See id.* at 1. Following a summary trial conducted on May 4, 2021, the Trial Court entered the Trial Court Orders, finding Appellant guilty of the seven charged PMC violations.[2] *See id.* at 1. Appellant appealed.[3]

---

[2] The Trial Court imposed costs and a $300 fine for each PMC violation, for a total fine of $2,100, but further provided that, if Appellant removed the Offending Vehicles within 30 days, the total fine would be reduced to $300. *See* Trial Court Opinion at 5-6.

[3] Appellant originally appealed the seven separate summary convictions to the Superior Court of Pennsylvania, which transferred the appeals to this Court by order dated September 20, 2021. This Court consolidated the matters by order dated June 21, 2022.

## II. Issues

On appeal,[4] Appellant asserts various errors by the Trial Court.[5] *See* Appellant's Br. at 7, 14-16. Appellant claims that res judicata/collateral estoppel

---

[4] "In reviewing a summary conviction, where the trial court has taken additional evidence in *de novo* review, our standard of review is limited to considering whether the trial court abused its discretion or committed an error of law." *City of Williamsport Bureau of Codes v. DeRaffele*, 170 A.3d 1270, 1273 (Pa. Cmwlth. 2017).

> [I]n summary offense cases, the Commonwealth is required to establish guilt beyond a reasonable doubt. In reviewing a conviction, therefore, this Court views all of the evidence admitted at trial, together with all reasonable inferences therefrom, in the light most favorable to the Commonwealth. The test of sufficiency of the evidence is whether the trial court, as trier of fact, could have found that each element of the offenses charged was supported by evidence and inferences sufficient in law to prove guilt beyond a reasonable doubt.

*Id.* (internal citations and quotation marks omitted).

[5] Appellant states the questions involved in the instant appeal as follows:

> A. Does a violation of PA. MPC Art. 3 Section 304 (1,2,3) invalidate the attempted re-zoning of a parcel, allowing the parcel's previous zoning to continue?
>
> B. Do the previous' cases presented contain the necessary elements of the identity of the thing sued upon or for, the identity in the cause of action, identity of the persons' and parties to the actions, identity of the quality or capacity of the parties being sued, which are necessary elements for a defense of res judicata?
>
> C. Have the previous attached cases decided the ultimate and controlling issues in a prior proceeding in which the parties actually had an opportunity to appeal and assert their rights?
>
> D. Does the outcome of prior proceedings which found the appellant not guilty of illegal storage of automobiles, have bearing on the present, same charge, of illegal storage?

resulting from previous proceedings involving the Property entitles him to continue to store the Offending Vehicles outside at the Property. *See id.* Appellant claims error based on various zoning arguments, including the improper zoning of the Property and his alleged preexisting use of the Property. *See id.* Appellant is not entitled to relief.

## III. Discussion

The PMC provides, in pertinent part:

> **302.8 Motor vehicles.** Except as provided for in other regulations, no inoperative or unlicensed motor vehicle shall be parked, kept[,] or stored on any *premises*, and no vehicle shall at any time be in a state of major disassembly, disrepair, or in the process of being stripped or dismantled. Painting of vehicles is prohibited unless conducted inside an *approved* spray booth.

Section 302.8 of the PMC (emphasis in original). Therefore, to prove a violation of PMC Section 302.8, the evidence must illustrate that (1) an inoperative or unlicensed motor vehicle (2) is parked, kept, or stored (3) on a premises in a state of major disassembly, disrepair, or in the process of being stripped or dismantled. Section 302.8 of the PMC; *see also Commonwealth v. Nicely*, 988 A.2d 799, 805 (Pa.

---

E. Does the 20 years of successful defense against multiple suits for the same violation meet the burden of the moving party for establishing substantial evidence?

F. Does unrefuted witness testimony establish the appellant's restoration activities having commenced prior to the enactment of borough zoning preserve the right of the appellant to legally continue that use?

Appellant's Br. at 7-8 (verbatim).

4

Cmwlth. 2010) (noting that proof of violation of PMC Section 302.8 requires proof, beyond a reasonable doubt, of an unlicensed, unregistered vehicle parked, kept, or stored on a premises). PMC Section 302.8 provides an express exception that allows vehicles to undergo overhaul, including body work, "provided that such work is performed inside a structure or similarly enclosed area designed and *approved* for such purposes." Section 302.8 of the PMC (emphasis in original).

Robert Suchoski (Suchoski), the Municipality's code enforcement officer,[6] testified at the summary trial before the Trial Court. *See* Notes of Testimony, May 4, 2021 (N.T.) at 11-25. Suchoski testified that he visited the Property on January 23, 2020, and took pictures of the Offending Vehicles, which he described as "junk vehicles" in various "states of disrepair, disassembl[y]." N.T. at 11. Suchoski further explained that he visited the Property again on February 20, 2020, taking a second set of photographs depicting the Offending Vehicles, none of which had moved, but which had instead simply deteriorated further into disrepair. *See id.* Suchoski sent Appellant the Violation Letter the next day, February 21, 2020. *See id.* Suchoski further explained that, because Appellant did not remove the Offending Vehicles after receiving the Violation Letter, on July 17, 2020, Suchoski issued the Citations. *See id.* at 17. He testified that, in August of 2020, he took a third set of photographs that again revealed that the Offending Vehicles remained untouched in the same location on the Property at that time. *See id.* at 20. The Trial Court found Suchoski's testimony to be credible. *See* Trial Court Opinion at 3. Additionally, the Trial Court admitted all the photographs taken by Suchoski into evidence. *See* N.T. at 2-3, n.3, n.4 & n.5.

---

[6] Suchoski testified that determining PMC violations within the Municipality is part of his duties as the Municipality's code enforcement officer. *See* Notes of Testimony, May 4, 2021 (N.T.) at 11.

Appellant testified on his own behalf at the summary trial and made several arguments to support his claim that he should be entitled to continue to store the Offending Vehicles on the Property.[7] *See* N.T. at 24-41. Appellant argued that on multiple occasions since 2000, different courts have allowed Appellant to continue to store the Offending Vehicles at the Property; he entered into evidence various documentation he claimed supported his argument. *See id.* at 27-30. Appellant also made certain zoning-related arguments, including that his storage of the Offending Vehicles represented a preexisting nonconforming use on the Property and that the Municipality had previously improperly enacted the zoning laws and then improperly rezoned the Property. *See id.* at 31-33, 39, 49-53. Additionally, Appellant testified that he had been restoring vehicles on the Property since 1971 with the full knowledge of the Municipality's various administrations for the past 27 years. *See id.* at 31-32. Appellant also presented the testimony of James Edwards, a friend and vehicle restorer who testified that he recalled coming to the Property to drop off car parts with Appellant and Appellant's father as far back as the 1970s. *See id.* at 41-46.

This evidence was sufficient for the Trial Court to find that the Commonwealth satisfied each element of the charge of violation of PMC Section 302.8 beyond a reasonable doubt as to each of the Offending Vehicles. Suchoski's testimony and the photographs he took proved that the Offending Vehicles, which are parked on the Property, are inoperative, arguably junk vehicles in varying stages of disrepair. The Offending Vehicles have not been moved from the Property despite warnings to do so from the Municipality. Further, as the Trial Court noted, Appellant

---

[7] Appellant first argued that the Offending Vehicles have value. *See* N.T. at 24. The Trial Court readily acknowledged that the Offending Vehicles "may have historic value and/or may be valuable to certain car enthusiasts, you know, and certainly capable of restoration." *Id.*

did not dispute that the Offending Vehicles were inoperative, in a state of major disassembly or disrepair, and have not been moved after the Citations were issued. *See* Trial Court Opinion at 12. Moreover, no argument was made, nor evidence put forth, that the Property is a structure or similarly enclosed area designed and approved for vehicle overhaul or body work. Accordingly, the Trial Court neither abused its discretion nor committed an error of law in finding Appellant guilty of the Citations.

Further, Appellant's purported defenses are inapposite and/or irrelevant to Appellant's summary convictions.

First, Appellant is incorrect that res judicata[8] prevents the Municipality from enforcing the Citations. "Generally, causes of action are identical when the subject matter and the ultimate issues are the same in both the old and the new proceedings." *Henion v. W.C.A.B. (Firpo & Sons, Inc.)*, 776 A.2d 362, 366 (Pa. Cmwlth. 2001). Notably, this Court has specifically determined, for double jeopardy purposes, that res judicata does not apply to new or continuing violations of the

---

[8] We observe that "[t]echnical res judicata and collateral estoppel are both encompassed within the parent doctrine of res judicata, which 'prevents the relitigation of claims and issues in subsequent proceedings.'" *Bd. of Supervisors of Willistown Twp. v. Main Line Gardens, Inc.*, 184 A.3d 615, 625 (Pa. Cmwlth. 2018) (quoting *Weney v. Workers' Comp. Appeal Bd. (Mac Sprinkler Sys., Inc.)*, 960 A.2d 949, 954 (Pa. Cmwlth. 2008)). Technical res judicata, or claim preclusion, "provides that when a final judgment on the merits exists, a future suit between the parties on the same cause of action is precluded." *Henion v. Workers' Comp. Appeal Bd. (Firpo & Sons, Inc.)*, 776 A.2d 362, 365 (Pa. Cmwlth. 2001). In such cases, a party is prohibited from asserting claims that were raised or that could have been raised in the previous adjudication. *Wilkes ex rel. Mason v. Phoenix Home Life Mut. Ins. Co.*, 902 A.2d 366, 376 (Pa. 2006) (internal citation omitted); *see also Henion*, 776 A.2d at 365-66 (noting that the doctrine of res judicata "applies to claims that were actually litigated as well as those matters that should have been litigated"). Technical res judicata operates to preclude a claim where both the previous action and the present action involve: (1) identity of the thing sued upon or for, (2) identity of the cause of action, (3) identity of the persons and parties to the action, and (4) identity of the quality or capacity of the parties suing or sued. *Henion*, 776 A.2d at 365-66.

PMC. *See Borough of Walnutport v. Dennis*, 114 A.3d 11, 19-20 (Pa. Cmwlth. 2015); *see also Commonwealth v. Anderson* (Pa. Cmwlth., No. 301 C.D. 2016, filed Dec. 20, 2016),[9] slip op. at 6-8 (finding property owner not put into double jeopardy based on continuing violation of PMC); *Commonwealth v. Comensky* (Pa. Cmwlth., No. 28 C.D. 2016, filed Oct. 31, 2016), slip op. at 5-6 (finding that subsequent violations of municipal ordinances constitute new violations for double jeopardy purposes).

Here, the Trial Court concluded that "the ultimate and controlling issue was not previously decided" in the previous cases referenced by Appellant's testimony or documentation. Trial Court Opinion at 7. The Trial Court explained that

> [t]he outcome of any prior hearings does not have any bearing on the question of whether [Appellant] is currently storing unlicensed or inoperative motor vehicles on his premises in violation of [Section] 302.8. . . . [T]he nature of both his argument and the documents presented were very speculative, and [the Trial Court] remains unaware of what, if any, documents, evidence, and witnesses were presented at the *prior* hearings. As a result, [the Trial Court] was unable to base its decision on the outcomes of any prior proceedings. To the contrary, [the Trial Court] based [its] decision on the law currently in effect and the evidence that was presented at the trial before [the Trial Court], which established that [Appellant] was in violation of [Section] 302.8 of the PMC.

Trial Court Opinion at 7-8 (emphasis in original).

---

[9] Pursuant to Commonwealth Court Internal Operating Procedure Section 414(a), 210 Pa. Code § 69.414(a), unreported panel decisions of this Court issued after January 15, 2008, may be cited for their persuasive value.

We observe that the documentation entered by Appellant into evidence to support his res judicata claim included: (1) a disposition sheet dated February 19, 2003, from a summary appeal wherein Appellant was found guilty of an unlawful storage violation; (2) an April 19, 2006 letter from the Municipality's code officer indicating the Municipality had received complaints regarding junked vehicles on the Property and ordering him to remove such vehicles within 30 days; (3) a disposition sheet dated October 13, 2010, from a summary appeal wherein Appellant was found not guilty of an unlawful storage violation; and (4) a December 2, 2016, Magisterial District Judge Citation and Summons for violation of PMC Section 302.8. *See* Trial Court Opinion at 4, n.6. As the Trial Court noted, in addition to the specifics of these previous matters being unknown, none of these documents have any bearing on whether Appellant violated PMC Section 302.8 in reference to the Citations issued in the instant case, which represent new and/or continuing PMC violations subject to subsequent prosecution. Accordingly, we find no error in the Trial Court's conclusion regarding the inapplicability of res judicata to the instant matter. *See Henion*; *Anderson*; *Comensky*.

Appellant's zoning arguments based on the concepts of preexisting and continued use, variance by estoppel,[10] and laches,[11] are likewise inapposite to the Trial Court's guilty determinations on the Citations. These equitable zoning arguments, while appropriately raised in actions or claims before zoning hearing boards, are inapposite to the prosecution of a violation of PMC Section 302.8, which considers only the condition of a property and the zoning applicable to that property at the time of the violation.[12] *See Commonwealth v. Brandon* (Pa. Cmwlth., No. 1674 C.D. 2017, filed Nov. 26, 2018) (finding zoning ordinance inapposite where

---

[10] In the absence of relief granted by a relevant zoning authority, individuals in the Commonwealth may acquire a right to continue an otherwise not permitted use under several different, equity-based legal theories including equitable estoppel. *See Lamar Advantage GP Co. v. Zoning Hearing Bd. of Adjustment of City of Pittsburgh*, 997 A.2d 423, 441 (Pa. Cmwlth. 2010). Equitable estoppel is an unusual remedy granted only in extraordinary circumstances. *Id.* To establish equitable estoppel, a landowner must prove that "the municipality intentionally or negligently misrepresented its position with reason to know that the landowner would rely upon the misrepresentation." *Id.* Additionally, the landowner must establish the following elements of good faith action on his part: "'1) that he relies to his detriment, such as making substantial expenditures, 2) based upon an innocent belief that the use is permitted, and 3) [the] enforcement of the ordinance would result in hardship, ordinarily that the value of the expenditures would be lost.'" *Id.* (quoting *Vaughn v. Zoning Hearing Bd. of Twp. of Shaler,* 947 A.2d 218, 224–225 (Pa. Cmwlth. 2008)) (internal brackets omitted). A landowner must prove these essential factors by clear, precise, and unequivocal evidence. *See Pietropaolo v. Zoning Hearing Bd. of Lower Merion Twp.*, 979 A.2d 969, 980 (Pa. Cmwlth. 2009).

[11] "[T]he doctrine of laches [is] an equitable bar to the prosecution of stale claims and is the practical application of the maxim that those who sleep on their rights must awaken to the consequence that they have disappeared." *In re Wilkinsburg Taxpayers & Residents Interest in Green St. Park Sale to a Private Developer & Other Park-Sys. Conditions*, 200 A.3d 634, 642 (Pa. Cmwlth. 2018) (internal quotation marks omitted). "A claim is barred by laches where the party failed to exercise due diligence, which resulted in prejudice to the opposing party." *Id.* "The test for due diligence is not what a party knows, but what he might have known by the use of information within his reach. Prejudice may be found where there has been some change in the condition or relations of the parties which occurs during the period the complainant failed to act." *Id.* (quoting *White v. Township of Upper St. Clair*, 968 A.2d 806, 811 (Pa. Cmwlth. 2009)).

[12] We further observe that the Trial Court noted that Appellant's zoning-based claims were completely unsupported by competent evidence. *See* Trial Court Opinion at 8-9.

property owner charged with violating the PMC). We find no error in the Trial Court's dismissal of these arguments.

## IV. Conclusion

For these reasons, we affirm the Trial Court Order.

_____
CHRISTINE FIZZANO CANNON, Judge

11

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

The County of Luzerne,                    :
Commonwealth of Pennsylvania              :
                                          :
                                          :
           v.                             :
                                          :
Thomas Perrone,                           :    Nos. 1018-1024 C.D. 2021
                    Appellant             :


O R D E R


AND NOW, this 21st day of September, 2023, the May 4, 2021 orders of the Court of Common Pleas of Luzerne County are AFFIRMED.


_____
CHRISTINE FIZZANO CANNON, Judge