IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Commonwealth of Pennsylvania | : | |
| | : | |
| v. | : | No. 334 C.D. 2020 |
| | : | |
| Eugene Spuglio, | : | |
| Appellant | : | Submitted: August 11, 2023 |

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
HONORABLE ELLEN CEISLER, Judge
HONORABLE STACY WALLACE, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION BY
JUDGE CEISLER                                    FILED:  September 21, 2023

Eugene Spuglio (Spuglio) appeals *pro se* from the June 19, 2019 order of the Court of Common Pleas of Delaware County (trial court), which found Spuglio guilty of failing to permit the inspection of a rental unit, in violation of Sections 155-68[1] and 155-75[2] of the Township of Ridley (Township) Ordinance (Ordinance). Spuglio argues that Sections 155-68 and 155-75 of the Ordinance are preempted by Pennsylvania law, and thus unenforceable, and that the Township presented no evidence to prove he violated any provision of Pennsylvania law.  After careful review, we reverse the trial court.

## I.  Background

Section 155-75 of the Ordinance relevantly establishes the requirements for a rooming house, which is defined in Section 155-67(A) of the Ordinance as "[a] dwelling, not a single-family or a two-family dwelling, providing lodging with or

---

[1] Township of Ridley, Pa., Ordinance § 155-68 (June 6, 1979).

[2] Township of Ridley, Pa., Ordinance § 155-75 (February 25, 2015).

without meals and having lodging accommodations for less than 10 guests."[3] Generally, a rooming house operator must provide one bathroom for every eight occupants, change bed linens and towels each week, and maintain the rooming house in a sanitary condition. Additionally, any guests of the rooming house must provide identification at the time of registration, a copy of which must be kept on file by the rooming house operator. Section 155-68 of the Ordinance[4] authorizes the Township Health Officer to inspect any rooming unit within the Township.[5] The owner or occupant of a rooming unit shall give the Township Health Officer free access thereto for the purpose of inspection, examination, and survey.

Spuglio owns and resides in a dwelling located at 2318 McDade Boulevard, Holmes, Pennsylvania (Property). On October 16, 2018, Spuglio received a non-traffic citation alleging that he failed to have the Property inspected, in violation of Section 155-68 of the Ordinance. Spuglio also received a citation for violating Section 155-75 of the Ordinance, which described the nature of offense as "rooming houses and hotels[.]" Original Record (O.R.), Item No. 1, Notes of Testimony (N.T.), 5/28/19, Ex. C-2. A magisterial district judge found Spuglio guilty of both summary offenses on October 30, 2018. Spuglio appealed to the trial court, which held a *de novo* trial on May 28, 2019.

George Buckley (Buckley), a rental properties inspector with the Township's code enforcement unit, testified before the trial court that he encountered Spuglio in

---

[3] Township of Ridley, Pa., Ordinance § 155-67(A) (June 6, 1979).

[4] Township of Ridley, Pa., Ordinance § 155-68 (June 6, 1979).

[5] Section 155-67(A) defines a rooming unit as a room or group of rooms "forming a single habitable unit used or intended to be used for living and sleeping but not for cooking or eating purposes." Township of Ridley, Pa., Ordinance § 155-67(A) (June 6, 1979).

2

district court on October 3, 2018, where Spuglio was involved in a landlord/tenant dispute. Buckley was in district court for "another issue"; however, he was aware that Spuglio rented rooms on the Property "in the early part of 2016," and Buckley inspected the Property at that time, pursuant to Section 155-68 of the Ordinance. O.R., Item No. 1, N.T., 5/28/19, at 9. Therefore, while at district court on October 3, 2018, Buckley advised Spuglio that "he would need to have [the Property] inspected[.]" *Id.* at 5. Spuglio "declined to have that done." *Id.* at 5, 8. Buckley's belief that Spuglio rented a room on the Property was based on Spuglio's presence at district court on October 3, 2018, for a landlord/tenant dispute and on Buckley's 2016 inspection of the Property "for the same issue[.]" *Id.* at 9. During cross-examination, Buckley acknowledged that, other than Spuglio, he did not know how many people lived at the Property, and he could "only go by what [he] cited" Spuglio for in the past. *Id.* at 13.

In his defense, Spuglio argued that the definition of "rooming house" is governed by 28 Pa. Code § 20.1, which requires "five or more persons, not related to the proprietor or manager[.]" Spuglio asserted that the Township presented no evidence as to the number of individuals living at the Property. He did not testify or submit other evidence for the trial court's consideration.

On June 19, 2019, the trial court found Spuglio guilty of violating Sections 155-68 and 155-75 of the Ordinance based on his undisputed "refus[al] to allow the inspection of the Property, a rooming house." O.R., Item No. 1, Trial Ct. Op. at 5. The trial court rejected Spuglio's argument that Sections 155-68 and 155-75 were preempted by Pennsylvania law, as "no statutory provision or regulation" provided the Commonwealth with exclusive jurisdiction over rooming houses. *Id.* at 7.

3

Pursuant to Section 1502 of The First Class Township Code (Code),[6] the Township had the authority to adopt ordinances pertaining to the public health, safety, and welfare of its citizens. Moreover, under former Clause XIX, Section 1502 of the Code,[7] the Township had the authority to enact and enforce ordinances to govern and regulate the inspection of all buildings and housing "used, in whole or in part, for human habitation and occupancy[.]"

The trial court noted that "[t]here is nothing in the record [to contradict] that the Property is a 'rooming house[,]'" and Spuglio "did not provide any contrary evidence." *Id.* at 5, 7-8. Because Spuglio refused to permit inspection of the Property, it was "impossible for [Buckley] to know how many residents currently lived [at] the Property." *Id.* at 8. The trial court imposed a fine of $300 for each offense. This appeal followed.[8]

## II. Issues

On appeal,[9] Spuglio argues that Sections 155-68 and 155-75 of the Ordinance are preempted by 28 Pa. Code § 20.1 (Section 20.1), which defines a rooming house

---

[6] Act of June 24, 1931, P.L. 1206, *as amended*, 53 P.S. § 56502.

[7] Section 1502 of the Code, *formerly* 53 P.S. § 56519, was repealed by the Act of October 29, 2020, P.L. 782. Former Clause XIX, Section 1502 of the Code was still in effect when Spuglio was convicted on June 19, 2019.

[8] This Court's standard of review for an appeal from a summary conviction, where the trial court took additional evidence in a *de novo* review, is limited to considering whether the trial court abused its discretion or committed an error of law. *Com. v. Jannini*, 125 A.3d 503, 508 n.2 (Pa. Cmwlth. 2015).

[9] Spuglio initially filed his appeal with the Superior Court. Because this appeal concerns a challenge to the Township's application and enforcement of a local ordinance, a matter that falls within this Court's exclusive jurisdiction under Section 762 of the Judicial Code, 42 Pa.C.S. § 762, **(Footnote continued on next page…)**

4

as a dwelling occupied by five or more persons. Spuglio also argues that, because the Township did not present any evidence demonstrating the number of individuals residing at the Property, the trial court erred in finding that he runs a rooming house.

### III. Discussion

First, we address whether Sections 155-68 and 155-75 of the Ordinance are preempted by Pennsylvania law. Spuglio argues that Pennsylvania has already defined the term "rooming house" in Section 20.1 as a building occupied by five or more persons.[10] Spuglio's Br. at 6. Because the Township failed to present evidence that he operated a rooming house, as defined in Section 20.1, Spuglio argues that the trial court erred in finding that he ran a rooming house.

We disagree that Sections 155-68 and 155-75 of the Ordinance are preempted by Section 20.1. Critically, Section 20.1 defines the term "boarding house," not "rooming house." The applicability of Section 20.1 to the instant appeal is therefore questionable, at best. Furthermore, this matter does not implicate any of the situations in which state law preempts a local ordinance. Preemption occurs when: (1) a preemption clause expressly restricts local regulation; (2) the state law is intended to occupy the entire field and permit no local regulation; or (3) the ordinance is in conflict with state law, either because compliance with both is impossible or because the ordinance would obstruct execution of the state law's "full purposes[.]" *UGI Utils., Inc. v. City of Reading*, 170 A.3d 624, 629 (Pa. Cmwlth. 2017). Section 20.1 does not contain a preemption clause or any language to suggest

the Superior Court transferred Spuglio's appeal to this Court. *See Com. v. Spuglio* (Pa. Super., No. 2572 EDA 2019, filed Feb. 14, 2020).

[10] Spuglio also cites the Act of June 11, 1915, P.L. 954, No. 420 (Act 420), as amended, 53 P.S. §§ 14891-15047, which regulates rooming houses in cities of the first class. As the Township is not a city of the first class, Act 420 is not applicable.

5

that the definitions therein are intended to occupy the entire field. To the contrary, as the trial court noted, current Section 1502 of the Code, 53 P.S. § 56502, grants the Township authority to adopt ordinances pertaining to the public health, safety, and welfare of its citizens. Former Clause XIX, Section 1502 of the Code authorized the Township to enact and enforce ordinances that govern and regulate the inspection of all buildings and housing "used, in whole or in part, for human habitation and occupancy[.]"[11] Finally, given that Section 20.1 defines a different term, it is not in conflict with the language in Section 155-68 of the Ordinance.

Next, we address whether the record supports Spuglio's summary convictions for failing to permit an inspection of the Property. This Court must view the evidence admitted at trial, and all reasonable inferences therefrom, in the light most favorable to the Township. *Jannini*, 125 A.3d at 508. The test for evaluating the sufficiency of evidence in a summary conviction is whether the trial court "could have found that each element of the offenses charged was supported by evidence and inferences sufficient in law to prove guilt beyond a reasonable doubt." *Id.*

The trial court opined that Spuglio was properly convicted of violating Sections 155-68 and 155-75 of the Ordinance based on Buckley's uncontroverted testimony that Spuglio refused to let him inspect the Property. The trial court dismissed Buckley's admission that he did not know how many people lived at the Property, as Spuglio's failure to permit an inspection made it "impossible" for Buckley to ascertain that information. O.R., Item No. 1, Trial Ct. Op. at 8. In effect, the trial court held that Spuglio's refusal to permit inspection of the Property satisfied the Township's burden to prove that Spuglio ran a rooming house.

---

[11] *Formerly* 53 P.S. § 56519.

6

We disagree with the trial court's conclusion, as well as the implication that Spuglio was required to provide "contrary evidence[,]" as the Township alone had the "never-shifting burden of proving all elements" of each Ordinance violation beyond a reasonable doubt. *Com. v. Nicely*, 988 A.2d 799, 804 n.3 (Pa. Cmwlth. 2010). A defendant cannot be convicted based on a belief that he is "*probably* guilty." *Sullivan v. Louisiana*, 508 U.S. 275, 278 (1993) (emphasis in original). Rather, reasonable doubt is "a doubt based on reason[,] rather than whim, possibilities[,] or supposition." *United States v. Hernandez*, 176 F.3d 719, 728 (3d Cir. 1999). Having reviewed the record, we conclude that the Township failed to meet this burden.

Regarding the alleged violation of Section 155-68,[12] Buckley testified that he encountered Spuglio at district court on October 3, 2018. Because Buckley knew that Spuglio had previously rented rooms on the Property, he advised Spuglio that "he would need to have that unit inspected[.]" O.R., Item No. 1, N.T., 5/28/19, at 5. Spuglio "declined to have that done." *Id.* Buckley advised that he previously inspected the Property in 2016 after receiving a complaint from an occupant. During cross-examination, however, Buckley acknowledged that he did not know how many individuals currently lived at the Property, and that he could "only go by what [he] cited" Spuglio for in the past. *Id.* at 13. While the Township's counsel noted in his closing argument that Spuglio's October 3, 2018 landlord/tenant matter concerned a person currently living at the Property, the record does not support this contention, and neither Buckley's testimony nor the Township's physical evidence identifies the

---

[12] We recognize that Section 155-68 also authorizes the inspection of dwellings and dwelling units. While the Property is indisputably a dwelling, it is clear from Buckley's testimony that he issued the citations based on Spuglio's alleged failure to permit the inspection of a rooming or rental unit.

rental property underlying the October 3, 2018 landlord/tenant matter. Buckley's conclusion that Spuglio rented a room on the Property is based on speculation and Buckley's prior inspection of the Property in 2016. In the absence of evidence proving that Spuglio rented rooms on the Property, and thus operated a rooming house, on October 3, 2018, the date Spuglio declined to allow an inspection of the Property, his conviction for violating Section 155-68 of the Ordinance cannot be sustained.

The record also fails to prove that Spuglio violated Section 155-75 of the Ordinance. Pennsylvania requires that a citation set forth "the essential elements of a summary offense so that the defendant has notice of the nature of the unlawful act for which he is charged." *Nicely*, 988 A.2d at 806. Additionally, a citation "shall contain . . . the specific section and subsection of the statute or ordinance allegedly violated, together with a summary of the facts sufficient to advise the defendant of the nature of the offense charged[.]" Pa.R.Crim.P. 403(A)(6). Instantly, the non-traffic citation Buckley issued merely indicates that Spuglio violated Section 155-75 of the Ordinance, with the nature of his offense described as "rooming houses and hotels[.]" We are hard pressed to envision how such a description constitutes the summary of facts required by Pa.R.Crim.P. 403(A)(6). Furthermore, the Township presented no evidence that Spuglio failed to provide the requisite number of bathrooms, change bed linens and towels on a weekly basis, maintain the Property in a sanitary condition, or otherwise comply with Section 155-75.

## IV. Conclusion

While we reject Spuglio's argument that Sections 155-68 and 155-75 of the Ordinance are preempted by Section 20.1, the evidence presented at trial, viewed in the light most favorable to the Township, is insufficient to prove Spuglio's guilt

beyond a reasonable doubt. Accordingly, we reverse the trial court's June 19, 2019 order imposing sentences for summary violations of Sections 155-68 and 155-75 of the Ordinance.

_____
ELLEN CEISLER, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania    :
    :
       v.                     : No. 334 C.D. 2020
    :
Eugene Spuglio,            :
          Appellant    :

## **O R D E R**

AND NOW, this 21st day of September, 2023, the June 19, 2019 order of the Court of Common Pleas of Delaware County is hereby REVERSED.

_____
ELLEN CEISLER, Judge