## PROCTER & GAMBLE PAPER PRODUCTS COMPANY, Petitioner

### v.

## COMMONWEALTH of Pennsylvania, Respondent.

Commonwealth Court of Pennsylvania.

Argued Sept. 13, 2011.

Decided Oct. 13, 2011.

Lee Allen Zoeller, Philadelphia, for petitioner.

Karen Marie Gard, Senior Deputy Attorney General, Harrisburg, for respondent.

BEFORE: McGINLEY, Judge, and McCULLOUGH, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Senior Judge FRIEDMAN.

Procter & Gamble Paper Products Company (P & G Paper) petitions for review of the August 5, 2009, order of the Board of Finance and Revenue (Board), which directed the Department of Revenue (Department) to tax P & G Paper for its use of wooden pallets. We reverse.

The parties have stipulated to the following facts.[1] P & G Paper is an Ohio corporation engaged in the manufacturing of paper health care and hygiene products at a plant in Mehoopany, Pennsylvania. (Stipulation, Nos. 1–2.) At the plant, P & G Paper assembles "unit loads" of products

---

1. We note that the stipulation of facts is sealed because it contains information provided by P & G Paper to the Commonwealth of

Pennsylvania under a confidentiality agreement.

on pallets to facilitate delivery to its Pennsylvania warehouse. At the warehouse, the unit loads are sold to Procter & Gamble Distributing Company (P & G Distributing), a P & G Paper affiliate, for resale to retailers who sell the products to consumers. (Stipulation, No. 3.)

P & G Paper rents its pallets from CHEP USA (CHEP), a company that operates a pallet and container pooling service, i.e., CHEP issues, collects, conditions and reissues pallets and containers, which helps companies transport their products to others. (Stipulation, Nos. 11, 13.) A pallet consists of: (1) a wooden frame with open slats along the bottom for lifting by forklifts; and (2) parallel wooden boards, with space between them, attached to the top of the frame. (Stipulation, No. 38.)

To create a "unit load," P & G Paper uses automated machinery to place a cardboard slip sheet directly onto the pallet to add stability and to prevent the load from shifting during transit. P & G Paper uses a palletizer, a mechanical device, to place its paper products onto the cardboard slip sheet. P & G Paper then puts another cardboard slip sheet on top of the products. P & G Paper next adds corner posts and encases the products in plastic stretch wrap, which keeps the products from falling off the pallet. Finally, P & G Paper affixes two labels to each unit load. (Stipulation, Nos. 22–26, 29, 31, 33, 35.)

On June 8, 2008, the Department issued a sales and use tax assessment to P & G Paper for the period from January 1, 2003, through December 31, 2006, finding that P & G Paper owed taxes on its rental and use of wooden pallets. P & G Paper filed an appeal with the Board of Appeals, which, after a hearing, concluded that the pallets are taxable as "returnable containers" under 61 Pa.Code §§ 32.1 and 32.6(a)(2).[2] (Stipulation, Nos. 5–7, Ex. C.)

P & G Paper petitioned the Board for review of the decision. P & G Paper argued that the wooden pallets are exempt from the tax as "wrapping supplies" under section 204(13) of the Tax Reform Code of 1971 (Code).[3] P & G Paper also asserted that, in *Commonwealth v. Yorktowne Paper Mills, Inc.*, 426 Pa. 18, 23, 231 A.2d 287, 289–90 (1967), our Supreme Court held that wooden pallets are non-taxable as wrapping supplies. The Board rejected these arguments, agreeing with the Board of Appeals that wooden pallets are taxable as "returnable containers." P & G Paper now petitions this court for review.[4]

P & G Paper argues that the Board erred in concluding that the wooden pallets are taxable as "returnable containers." We agree.

---

**2.** Under 61 Pa.Code § 32.6(a)(2), the sale or use of "returnable containers" is taxable. The regulation at 61 Pa.Code § 32.1 defines "returnable containers" as "[c]ontainers which are designed to deliver property more than one time, including containers which require cleaning, repair or refurbishing prior to their subsequent use."

**3.** Act of March 4, 1971, P.L. 6, *as amended*, 72 P.S. § 7204(13). Section 204(13) of the Code states that the sales and use tax shall not be imposed upon:

> The sale at retail, or use of wrapping paper, wrapping twine, bags, cartons, tape, rope,

labels, nonreturnable containers and all other wrapping supplies, when such use is incidental to the delivery of any personal property, except that any charge for wrapping or packaging shall be subject to tax. . . .

72 P.S. § 7204(13).

**4.** Under Rule 1571(f) of the Pennsylvania Rules of Appellate Procedure, the parties shall file a stipulation of facts with this court. The questions raised by the petition for review shall be determined on the record made before this court. Pa. R.A.P. 1571(h)(2).

Under section 204(13) of the Code, the sales and use tax shall not be imposed on "wrapping supplies." 72 P.S. § 7204(13). The term "wrapping supplies" is defined by regulation, in pertinent part, as follows:

> The term includes property, **except for returnable containers as defined in this section,** which is used as an outside covering or internal packing in order to deliver personal property to a purchaser. The term also includes items such as nonreturnable containers, mailing labels, envelopes and packing slips attached to the covering transferred with the personal property, instruction sheets, warranty cards, material for preservation of the property ... and similar items.

61 Pa.Code § 32.1 (emphasis added). "Returnable containers" are "[c]ontainers which are designed to deliver property more than one time...." *Id.* (emphasis added).

P & G Paper points out that the term "container" is not defined by statute or regulation. Thus, P & G Paper contends that this court should construe the word according to its plain meaning and common usage pursuant to section 1903(a) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1903(a) (stating that words shall be construed according to their common and approved usage). We agree that this is the proper approach here.

A "container" is "a receptacle (as a box or jar) or a formed or flexible covering for the packing or shipment of articles, goods, or commodities." Webster's Third New International Dictionary 491 (2002). The word "contain" means "to have within: hold." *Id.* at 490. A wooden pallet is merely a frame with boards placed upon it and attached to it. It is neither a receptacle nor a covering for the products placed upon the pallet. Indeed, P & G Paper must use cardboard slip sheets, corner posts and stretch wrap to cover and hold products placed on a pallet. In *Yorktowne*, 426 Pa. at 20, 231 A.2d at 288, our Supreme Court likened pallets to "flooring." As a result, we conclude that P & G Paper's pallets are not "containers" and, thus, cannot be "returnable containers."

The Board argues that, in *Yorktowne*, our Supreme Court determined that pallets are "containers." We disagree. In *Yorktowne*, the question was whether the company's purchase of lumber, nails and metal bands was subject to the tax. The company placed its products on pallets, i.e., the lumber and nails, and secured the products by placing metal bands around the entire unit. *Id.* at 20–21, 231 A.2d at 288. In referring to the pallets as "containers," the Court was referring to the entire unit, i.e., the pallet with the metal bands securing the product. Here, there is no question that the unit load, i.e., the slip sheet, corner posts, stretch wrap and wooden pallet, "contains" products. However, that is not the issue. Rather, the issue is whether the wooden pallets by themselves, apart from the slip sheet, corner posts and stretch wrap, are "containers." Alone, the wooden pallets are only part of the "containers," i.e., the flooring.

Accordingly, we reverse.

### ORDER

AND NOW, this 13th day of October, 2011, the order of the Board of Finance and Revenue, dated August 5, 2009, is hereby reversed. Unless exceptions are filed within thirty (30) days after entry of this order pursuant to Pa. R.A.P. 1571(i), the Chief Clerk shall enter judgment in favor of Procter & Gamble Paper Products Company.