# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania    :
                    :
        v.              :
                    :
James W. Barr,          :   No. 88 C.D. 2023
          Appellant    :   Submitted: September 9, 2024


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
               HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE ANNE E. COVEY, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                          FILED: October 9, 2024

      James W. Barr (Barr) appeals, pro se, from the Allegheny County Common Pleas Court's (trial court) January 24, 2023 order adjudicating him guilty of violating the Borough of West View, Pennsylvania (Borough), Quality of Life Ordinance No. 1505 (2020) (Ordinance). Essentially, Barr presents one issue for this Court's review: whether the Borough met its burden of proving that he violated Section V, subsections A.1 and E.2 of the Ordinance.[1] After review, this Court affirms.

---

[1] In the Issues Presented for Review portion of his brief, Barr listed the following issues for this Court's review: (1) whether Barr's conviction must be reversed because of fraudulent misrepresentations made by the Borough, its officers, legal counsel, and material witnesses; (2) whether Barr is entitled to a new trial because the trial court violated his fundamental substantive and procedural due process rights; and (3) whether the Borough's taking constituted a confiscation violative of the Pennsylvania and United States Constitutions rendering the trial court's verdict void *ab initio*. *See* Barr Br. at 3. The Borough asserts that Barr waived his constitutional violation claims in the second and third issues by not first raising them to the trial court.

**Relevant Law**

Section II of the Ordinance (Purpose) specifies, in pertinent part:

> Lack of maintenance of properties, littering, improper storage of trash and rubbish . . . are costly problems that contribute to the deterioration of property values and general disorder in a community. These problems degrade the physical appearance of the Borough which reduces business and tax revenue, inhibiting economic development. The quality of life and community pride of the citizens of the Borough . . . are negatively impacted by the occurrences and existence of these activities.

Trial Ct. Exs. at 15-16. Section V.A.1 of the Ordinance (Quality of Life Violations) declares that "[a]ll exterior property and premises, and the interior or every structure shall be kept free from any accumulation of waste, trash, rubbish, debris . . . ." *Id.* at 21.[2] Section V.E.2 of the Ordinance provides: "The improper disposal of rubbish or . . . dumping or disposing of rubbish . . . on . . . property is prohibited." *Id.* at 22.

---

> The law is clear that "issues, even those of constitutional dimension, are waived if not raised in the trial court. A new and different theory of relief may not be successfully advanced for the first time on appeal." *Commonwealth v. Santiago*, 980 A.2d 659, 666 (Pa. Super. 2009) (citations omitted) . . . ; *see also* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal[.]").

*Commonwealth v. Cline*, 177 A.3d 922, 927 (Pa. Super. 2017); *see also Commonwealth v. Kunselman*, 272 A.3d 469 (Pa. Super. 2022). Because it is clear from this Court's review that Barr did not preserve his constitutional due process and taking claims before the trial court, he waived them, and this Court will not consider them in this appeal. This Court will review Barr's first issue as restated.

[2] Because the trial court exhibits are not numbered, this Court references electronic pagination herein.

2

## Facts

Barr and his wife Diane Barr (collectively, the Barrs) own the property located at 200 Frankfort Street in the Borough in Pittsburgh, Pennsylvania (Property). In approximately March of 2022, the Borough's public works coordinator and code enforcement officer Richard Rapp (Rapp) received numerous complaints from the Barrs' neighbors regarding wooden pallets[3] Barr stored on the Property on a hillside facing the neighbors. That same month, Rapp visited the Property, photographed the pallets on the Property, and sent the Barrs letters requesting that they remove the pallets. The Barrs did not do so.

On August 31, 2022, Rapp filed a private summary complaint at Docket No. NT-338-22 against Barr in Magisterial District Court 05-2-02, charging him with violating Section V, subsection A.1 of the Ordinance for accumulating waste, trash, rubbish, or debris on the exterior of a structure, and Section V, subsection E.2 of the Ordinance for improper disposal of rubbish or dumping, or disposing of rubbish on property (collectively, Charges).[4] *See* Original Record (O.R.) at 7-8.[5] On September 7, 2022, the Magisterial District Judge (MDJ) held a summary trial on the Charges. On October 18, 2022, the MDJ found Barr guilty of the Charges and ordered him to pay a $300.00 fine plus costs. Barr appealed from the MDJ's adjudication to the trial court. The trial court conducted a *de novo* hearing on

---

[3] In *Procter & Gamble Paper Products Co. v. Commonwealth*, 29 A.3d 1221 (Pa. Cmwlth. 2011), this Court accepted the parties' stipulation, instructive here, that "[a] pallet consists of . . . a wooden frame with open slats along the bottom for lifting by forklifts; and [] parallel wooden boards, with space between them, attached to the top of the frame." *Id*. at 1222. Merriam-Webster's online dictionary defines a *pallet* as "a portable platform for handling, storing, or moving materials and packages (as in warehouses, factories, or vehicles)[.]" www.merriam-webster.com/dictionary/pallets (last visited Oct. 8, 2024).

[4] Rapp filed separate charges against Diane Barr at a separate docket number. The charges against her are not before this Court in this appeal.

[5] Because the Original Record pages are not numbered, this Court references electronic pagination herein.

3

January 24, 2023. That same day, the trial court found Barr guilty of the Charges and imposed a fine of $300.00 plus court costs. On January 31, 2023, Barr appealed to this Court.[6]

On February 7, 2023, the trial court directed Barr to file a Concise Statement of Errors Complained of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure (Rule) 1925(b) (Rule 1925(b) Statement). On February 24, 2023, Barr filed his Rule 1925(b) Statement, asserting that "[t]here was no evidence presented to support that pallets are rubbish . . . other than someone's opinion[,]" and "[t]he pallets in question are not on public property but are on [Barr's] private [P]roperty." O.R. Item 8 at 1. On April 24, 2023, the trial court issued its opinion pursuant to Rule 1925(a) (Rule 1925(a) Opinion).

## Discussion

Barr argues that the Borough failed to meet its burden of proving that Barr violated Section V.A.1 and E.2 of the Ordinance.[7] Specifically, Barr contends

---

[6] "This Court's review of a 'trial court's determination on appeal from a summary conviction is limited to [determining] whether there has been an error of law or whether [substantial] evidence supports the trial court's findings.' *Commonwealth v. Hall*, 692 A.2d 283, 284 n.2 (Pa. Cmwlth. 1997)." *Commonwealth v. Nicely*, 988 A.2d 799, 803 n.3 (Pa. Cmwlth. 2010).
On September 28, 2023, the Borough filed a motion to dismiss Barr's appeal (Dismissal Motion), arguing that Barr's Reproduced Record was incomplete. By November 13, 2023 Order, this Court denied the Borough's Dismissal Motion because the Borough had access to the trial court's Original Record, it could notify Barr what additional documents should be included in a second volume of the Reproduced Record, or it could file a supplemental reproduced record including documents missing from the Reproduced Record.

[7] Notwithstanding that the Charges against Barr before the MDJ were for violations of Section V.A.1 and E.**2** of the Ordinance, *see* O.R. at 7-8, Barr's appeal to the trial court referenced Section V.A.1 and E.**2** of the Ordinance, *see* O.R. at 6, and the trial court's Rule 1925(a) Opinion analyzed Section V.A.1 and E.**2** of the Ordinance, *see* Trial Court Rule 1925(a) Op. at 1-2. This Court observes that Barr references in his appeal to this Court that the MDJ and trial court dockets reflect that Barr was found guilty of Section V.A.1 and E.**1** of the Ordinance. *See* O.R. at 2-3, 10. Section V.E.**1** of the Ordinance declares: "No person shall throw, dump, place, sweep[,] or dispose

4

that his conviction must be reversed because of fraudulent misrepresentations by the Borough, its officers, legal counsel, and material witnesses that his storage of wooden pallets for burning constituted rubbish violative of the Ordinance.

Initially, Pennsylvania Rule of Criminal Procedure 462(a) provides: "When a defendant appeals after the entry of . . . a conviction by an issuing authority in any summary proceeding, . . . the case shall be heard *de novo* by the judge of the court of common pleas sitting without a jury." Pa.R.Crim.P. 462(a). Accordingly, the trial court is the fact-finder. Moreover,

> [t]he Commonwealth [of Pennsylvania (Commonwealth)] has the never-shifting burden of proving all elements of a summary offense beyond a reasonable doubt. *Commonwealth v. A.D.B.*, 752 A.2d 438, 443 (Pa. Cmwlth. 2000). In considering whether the evidence is sufficient to convict, the [c]ourt must "view all of the evidence admitted at trial, together with all reasonable inferences therefrom, in the light most favorable to the Commonwealth." *Commonwealth v. Spontarelli*, 791 A.2d 1254, 1258 (Pa. Cmwlth. 2002).

*Commonwealth v. Nicely*, 988 A.2d 799, 803 n.3 (Pa. Cmwlth. 2010).

At the trial court hearing, Rapp testified regarding neighbors' complaints about the condition of the Barrs' Property and offered into evidence photographs of the pallets from March 2022, and just a few days before the hearing, reflecting that the Property's condition had not changed in the interim. *See* Notes of Testimony, January 24, 2023 (N.T.) at 4-5, 11-12. Diane Barr also presented

---

of any litter, waste, trash, . . . or rubbish . . . on any *public property*." Trial Ct. Exs. at 22 (emphasis added). Although Diane Barr argued to the trial court that she did not litter on public property, *see* Notes of Testimony, January 24, 2023, at 7, Barr makes that argument for the first time on appeal to this Court. *See* Barr Br. at 7-8. Because Barr did not raise that issue before the trial court, it is waived. *See Kunselman*; *see also Cline*; Pa.R.A.P. 302(a). To the extent that Diane Barr raising the issue to the trial court sufficiently raised that issue on Barr's behalf (as the trial court heard joint evidence), because the trial court's ruling found Barr guilty of Section V.A.1 and E.**2** of the Ordinance, whether the Borough proved that Barr violated Section V.A.1 and E.**1** of the Ordinance is not relevant.

photographs of the pallets on the Property. *See* N.T. at 5. Diane Barr testified that (1) she and Barr use the pallets as tables and benches; (2) the dogs play around them; and (3) she decorates them. *See* N.T. at 6, 9. Diane Barr explained that Barr also temporarily placed the pallets on the steep hillside facing the neighbors to stabilize the fruit trees growing there. *See* N.T. at 6-7. Barr explained that he obtains the pallets from the Food Cupboard. *See* N.T. at 9. Barr confirmed his use of the pallets to stabilize the fruit trees on the hillside and added that he burns the pallets over the winter. *See* N.T. at 8-10. Barr declared that he has not violated the Ordinance because it is his Property, he uses the pallets, and he sees no purpose in hiding them. *See* N.T. at 10-12. Barr did not object to the Borough's evidence against him, nor did he offer contradictory evidence before the trial court.

The Borough's counsel, Michael J. Witherel, Esquire (Attorney Witherel), represented that after the MDJ found Barr guilty and imposed the fine, the Borough offered that if Barr removed the pallets from the Property within the 30-day appeal period,[8] the Borough would take steps to have the fine waived. *See* N.T. at 3-4, 7-8. Rather than removing the pallets, Barr appealed to the trial court. *See* N.T. at 8. Attorney Witherel declared to the trial court that the Borough's goal is to remove the eyesore, thus, the Borough would not object to and/or would seek to waive the fine, if Barr removed the pallets or stored them where the neighbors could not see them. *See* N.T. at 9, 13-14.

Based on the evidence presented, the trial court found Barr guilty and fined him, stating:

> The pictures show that nothing has changed since [Barr]
> was cited a year ago. [Barr] admitted he has had the pallets
> for many years. The pallets are piled up on [Barr's]
> [P]roperty where everyone can see them from the road,

---

[8] The Borough had offered that Barr could dispose of the pallets in the Township's dumpsters. *See* N.T. at 7-8.

and the pallets on the hillside are visible to neighbors that live below.

This [trial c]ourt, as fact-finder, viewed the pictures and found that the pallets are an eyesore, [and] rubbish, in violation of Sections V[.]A[.]1[] and V[.]E[.]2[] of [the] Borough's quality of life [O]rdinance.

1925(a) Op. at 2 (record citations omitted).

Although the Ordinance does not define *rubbish* or *trash*, Section IV of the Ordinance (Definitions) defines *waste* as "[a]ny . . . refuse . . . and other material, **including solid** . . . **material resulting from the operation of** residential, . . . [or] **commercial** . . . **establishments** . . . and which is not classified as residual waste or hazardous waste . . . ." Trial Ct. Ex. at 21 (emphasis added). Under the Ordinance, *dumping* "[i]ncludes, but is not limited to, **depositing of** litter[9] . . . and other such . . . residual waste, and construction . . . **debris on** public or **private property**, except as authorized." *Id*. at 17 (emphasis added). The Ordinance defines *debris* as "[**a**]**ny material** upon the premises . . . that is **not neatly stored**, **stacked**, **or piled in such a manner so as not to create a nuisance** or become a harboring place or food supply for insects or rodents." *Id*. at 16-17 (emphasis added).

Reviewing all of the evidence in a light most favorable to the Commonwealth as we must, *see Nicely*, and in the absence of any challenge to the Borough's evidence before the trial court, this Court holds that substantial record evidence supported the trial court's findings that the Borough met its burden of proving that Barr accumulated the pallets (i.e., waste or debris) on the exterior of his Property in violation of Section V, subsection A.1 of the Ordinance, and improperly deposited the pallets on the Property which created an eyesore in violation of Section V, subsection E.2 of the Ordinance.

---

[9] The Ordinance defines *litter* as "includ[ing], but [] not limited to, all waste, material, . . . trash, . . . municipal waste, . . . construction or demolition material, [or] recyclable material . . . that has been abandoned or improperly discarded, deposited[,] or disposed." Trial Ct. Ex. at 18.

**Conclusion**

Based on the foregoing, the trial court's order is affirmed.

_____
ANNE E. COVEY, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania    :
:
v.          :
:
James W. Barr,        :   No. 88 C.D. 2023
       Appellant   :

## O R D E R

AND NOW, this 9th day of October, 2024, the Allegheny County Common Pleas Court's January 24, 2023 order is affirmed.


_____
ANNE E. COVEY, Judge